**KENTUCKY BAR ASSOCIATION,**
**Complainant,**

v.

**Steven C. SHANE, Respondent.**

Supreme Court of Kentucky.

July 1, 1977.

Leslie G. Whitmer, John T. Damron, Ky. Bar. Ass'n, Frankfort, for complainant.

Steven C. Shane, pro se, Shane & Rebel, Cincinnati, Ohio, for appellee.

PER CURIAM.

This is a disciplinary proceeding in which the Board of Governors of the Kentucky Bar Association found Steven C. Shane guilty of unprofessional conduct and recommended that he be publicly reprimanded and ordered to pay the costs of the action.

Shane is an Ohio attorney whose address is 2199 Victory Parkway, Cincinnati, Ohio. He is not a member of the Kentucky Bar Association.

In April 1976, Shane entered his name as co-counsel in a civil action pending in the Kenton Circuit Court. Shane represented the defendant. On November 12, 1976, Shane wrote a letter to the attorney for the plaintiff. Shane then forwarded a copy of that letter to the opposing party in direct violation of Disciplinary Rule 7–104(A)(1), which provides that:

(A) During the course of his representation of a client a lawyer shall not:

(1) communicate or cause another to communicate on the subject of the representation with a party he knows to be represented by a lawyer in that matter unless he has the prior consent of the lawyer representing such other party or is authorized by law to do so."

On March 4, 1977, the director of the Kentucky Bar Association was advised that the Cincinnati Bar had determined a private reprimand and a letter of apology were sufficient punishment for Shane's violation of the disciplinary rules of the Code of Professional Responsibility.

The Board of Governors of the Kentucky Bar Association felt otherwise and acted accordingly. Shane was found guilty by unanimous vote of the Board of Governors of violating DR 7–104(A)(1). A majority of the Board of Governors voted that Shane be publicly reprimanded.

Shane admits his violation of DR 7–104(A)(1). However, he opposes the recommendation of the Board of Governors as to a public reprimand. He suggests that his punishment be no more severe than that established by the Cincinnati Bar Association.

 ˙ Although Shane is not licensed in Kentucky, he is subject to the jurisdiction of this court when he practices law in Kentucky. This court is not bound by the disciplinary penalties imposed on Shane in a foreign jurisdiction for the same conduct for which he is to answer in Kentucky.

The recommendation of the Board of Governors is accepted by this court. Accordingly, it is ordered that Shane be hereby publicly reprimanded and required to pay the costs of this proceeding.

All concur.