■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWARD A. PARKER, Appellant, v WILLIAM A. HASENAUER, as Sheriff of Oneida County, Respondent. — Judgment affirmed (see *People ex rel. Parone v Phimister,* 29 NY2d 580). All concur, except Green, J., who dissents and votes to reverse, in the following memorandum.

Green, J. (dissenting). I vote to reverse since I cannot subscribe to the majority's view that there was not an abuse of discretion in denying relator's application for bail. On this habeas corpus proceeding, we have the power to review the action of the court (*People ex rel. Klein v Krueger,* 25 NY2d 497, 503). Although certain criteria must be considered (CPL 510.30, subd 2, par [a], cls [i]-[viii]), no one factor should be controlling (*People ex rel. Yannarilli v Draxler,* 41 AD2d 684). Relator is a life-long resident of his community. He has family, economic and social ties to the area and has no criminal record. There is nothing in the record to support prosecutor's speculative claim that the relator intends to flee the jurisdiction nor does the record contain any showing as to the strength or weakness of the People's case (see *People ex rel. Lobell v McDonnell,* 296 NY 109, 112; cf. *People ex rel. Parone v Phimister,* 29 NY2d 580, 581). Bail should have been set by the nisi prius court. (Appeal from judgment of Supreme Court, Oneida County, Balio, J. — habeas corpus.) Present — Doerr, J. P., Boomer, Green, O'Donnell and Schnepp, JJ. (Order entered Oct. 28, 1983.)

■ In the Matter of HYATT LEGAL SERVICES et al., Respondents. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner. — Motion for summary judgment denied, petition dismissed as to respondent Hyatt Legal Services *sua sponte,* without prejudice. Memorandum: The Grievance Committee of the Eighth Judicial District has petitioned this court seeking an order that Hyatt Legal Services (Hyatt) has violated sections 478, 479, 484, 491 and 492 of the Judiciary Law and Canons 1, 2 and 3 of the Code of Professional Responsibility. Hyatt operates three law offices in the Buffalo area which are staffed with duly admitted New York attorneys. None of the partners of Hyatt is admitted to practice in New York. However, all parties herein have stipulated that this court have jurisdiction of the grievance proceeding. Subject matter jurisdiction cannot be conferred upon a court by consent of the parties (*Matter of Schumer v Holtzman,* 60 NY2d 46). The Judiciary Law invests in the Appellate Division exclusive jurisdiction to discipline attorneys admitted to practice in New York but specifically authorizes the Supreme Court to entertain an action to enjoin the unlawful practice of law (Judiciary Law, § 90, subd 2; § 476-a). Present — Dillon, P. J., Hancock, Jr., Boomer, O'Donnell and Schnepp, JJ.