490 A.2d 1224

ATTORNEY GRIEVANCE COMMISSION OF MARYLAND

v.

Joel Z. HYATT.

ATTORNEY GRIEVANCE COMMISSION OF MARYLAND

v.

Philip Hayden MANNING, Walter David Watts, and
Clifford Alan Wilpon.

Misc. Docket (Subtitle BV) Nos. 19, 32, Sept. Term, 1983.

Court of Appeals of Maryland.

April 23, 1985.

**684**

Melvin Hirshman, Bar Counsel and Glenn M. Grossman, Annapolis, Asst. Bar Counsel to Attorney Grievance Commission of Maryland, for petitioner.

Paul V. Niemeyer, Baltimore, for respondent.

Argued before MURPHY, C.J., SMITH, ELDRIDGE, COLE, RODOWSKY and COUCH, JJ., and JAMES C. MORTON, Jr., Associate Judge of the Court of Special Appeals (retired), Specially Assigned.

ELDRIDGE, Judge.

This case originated in a complaint received by the Attorney Grievance Commission against Joel Z. Hyatt, who is a general partner in Hyatt Legal Services, and three Maryland attorneys employed by Hyatt Legal Services, Philip H. Manning, Walter David Watts and Clifford A. Wilpon. The complaint was that the four were practicing law under a trade name and were engaging in misleading advertising, in violation of the Code of Professional Responsibility.

Bar Counsel referred the complaint to an Inquiry Panel pursuant to Maryland Rule BV6 a 4. At the panel hearing, Hyatt, Manning, Watts and Wilpon produced extensive documentation concerning the operation of Hyatt Legal Services. The material submitted included copies of the employment agreements Hyatt Legal Services executed with its attorneys.

In its report to the Review Board, the Inquiry Panel recommended that charges be filed against all four respondents. In addition to the charges made in the original complaint, and as a result of the Panel's examination of the Hyatt Legal Services documents, the Panel recommended that the respondents be charged with other violations of the Code of Professional Responsibility because of certain provisions in the Hyatt Legal Services employment contracts. The employment agreements restricted the methods attorneys leaving the employ of Hyatt Legal Services could use in their law practice after termination, including prohibitions against advertising in mass media, setting up a legal clinic or "similar legal services organization" and having any "direct or indirect contact" with Hyatt Legal Services clients formerly serviced by the attorneys.

After receipt of the Inquiry Panel's report, the Review Board directed Bar Counsel to file charges with this Court against the respondents. In the charges filed in this Court by Bar Counsel, Joel Hyatt was accused of engaging in

misleading advertising in violation of DR 2–101(A),[1] practicing under a trade name in violation of DR 2–102(A),[2] and participating in an employment agreement restricting the right of a lawyer to practice law after terminating his employment in violation of DR 2–108(A).[3]  The charges against Manning, Watts and Wilpon included *only* the alleged employment agreement and trade name violations.

---

1.  DR 2–101(A) states:
    "A lawyer, on behalf of himself, his partner, associate, or any other lawyer affiliated with him or his firm, shall not personally, through an advertising group, lawyer referral service, or otherwise, prepare, cause to be prepared, use, or participate in the use of any advertisement or other public communication containing information about the services of lawyers or law firms which:
    1.  Contains a misstatement of fact;
    2.  Is likely to mislead or deceive because in context it makes only a partial disclosure of relevant facts;
    3.  Is intended or is likely to create false or unjustified expectations of favorable results;
    4.  Contains any other statement that is intended or likely to cause a reasonable person to misunderstand or be deceived;  or
    5.  Constitutes, is part of, or is a device for carrying out, an otherwise unlawful act.
    Lawyers, including those participating in an advertising group or lawyer referral service, shall be personally responsible for compliance with the above requirements and shall be prepared to substantiate such compliance to the Attorney Grievance Commission of Maryland."

2.  DR 2–102(A) states in pertinent part:
    "A lawyer in private practice shall not practice under a trade name, a name that is misleading as to the identity of the lawyer or lawyers practicing under such name, or a firm name containing names other than those of one or more of the lawyers in the firm, except that the name of a professional corporation or professional association may contain "P.C." or "P.A." or similar symbols permitted by law indicating the nature of the organization, and if otherwise lawful a firm may use as, or continue to include in, its name the name or names of one or more deceased or retired members of the firm or of a predecessor firm in a *continuing line of succession.*"

3.  DR 2–108(A) states:
    "A lawyer shall not be a party to or participate in a partnership or employment agreement with another lawyer that restricts the right of a lawyer to practice law after the termination of a relationship created by the agreement, except as a condition to *payment of* retirement benefits."

Pursuant to Rule BV9 b, this Court referred the charges to Judge Howard S. Chasanow of the Circuit Court for Prince George's County to hear evidence and make findings. Judge Chasanow found that the use of the name "Hyatt Legal Services" did not violate DR 2–102(A)'s prohibition against trade names. He did conclude, however, that three Hyatt Legal Services advertisements violated DR 2–101(A) because they were "likely to (although not intended to) mislead the viewer as to Mr. Hyatt's personal availability to represent the viewer or to personally supervise the office of, and the attorney who would represent the viewer." Judge Chasanow also determined that several of the employment agreement provisions violated DR 2–108(A).

The respondents filed exceptions in this Court to Judge Chasanow's conclusions regarding the advertisements and the employment agreement provisions, and Bar Counsel filed a recommendation for sanction.[4] Bar Counsel suggested that the alleged violations by Joel Hyatt warranted a public reprimand. Bar Counsel made no recommendation concerning sanctions against Manning, Wilpon and Watts. Pursuant to Rule BV11 b 4, and for the reasons stated below, we shall dismiss the charges against all respondents.

I. Charges Against Manning, Watts and Wilpon

■ Each of the three Maryland attorneys executed employment agreements with Hyatt Legal Services containing some or all of the restrictions mentioned above. As noted, it was not until the Inquiry Panel made its report to the Review Board that any allegation was made that these agreements violated the disciplinary rules. Thus, the first opportunity respondents had to present any arguments regarding the validity of the restrictions occurred after this Court referred the matter to Judge Chasanow. The respondents argue that had they been given notice of the alleged violations prior to or during the Inquiry Panel proceedings,

---

**4.** Bar Counsel took no exception to Judge Chasanow's conclusion that "Hyatt Legal Services" was not a trade name which violated DR 2–102(A), and we shall not address the matter in this opinion.

and an opportunity for a hearing on the matter, the issue would in all probability have dropped out of the case because of the Attorney Grievance Commission's past willingness to resolve similar alleged violations through negotiation and the willingness of all respondents, including Joel Hyatt, to rewrite the agreements in question.

Respondents had notice of the employment agreement violation charges with the institution of disciplinary proceedings in this Court, and they had an opportunity to be heard on the matter at the hearing before Judge Chasanow; consequently, no constitutional issue under *In Re Ruffalo*, 390 U.S. 544, 88 S.Ct. 1222, 20 L.Ed.2d 117 (1968), would appear to be presented. *See Attorney Grievance Comm'n v. McBurney*, 282 Md. 116, 124 n. 1, 383 A.2d 58, 63 n. 1 (1978). Nevertheless we believe that, under the circumstances of this case, the charges against Manning, Watts and Wilpon should be dismissed without prejudice.

Counsel for respondents acknowledged that all parties to the employment contracts were willing to rewrite the agreements to conform to the Code of Professional Responsibility. Indeed, all parties demonstrated a desire to adapt the agreements to all provisions of the Code. The agreements themselves provided that the paragraph containing the restrictions "is not to be construed as restricting, in any way, [the attorney's] right to practice law after any termination of ... employment...." Furthermore, Judge Chasanow found as a fact that Hyatt Legal Services had never tried to enforce the restrictive provisions of the employment agreements. In addition, Bar Counsel has made no recommendation regarding a sanction against Manning, Watts and Wilpon. Under the circumstances we shall dismiss the charges against these three respondents, although without prejudice should Bar Counsel deem it necessary to re-file the same charges if resolution of the employment agreement issue proves unsuccessful.

## II. Charges Against Joel Hyatt

To be subject to discipline under the BV rules, a person must be an attorney. Thus, Rule BV2 a provides

that the Attorney Grievance Commission "shall supervise and administer the discipline and inactive status of *attorneys*...." Rule BV3 b (i) states that the Commission has the power and duty to recommend to this Court "procedural and administrative rules relating to the disciplinary system affecting *attorneys*." Rule BV6 a 1 provides that "[e]very complaint that an *attorney* has committed an act of misconduct or that he is incompetent shall be filed with and recorded by the Bar Counsel." Rule BV7 c provides that the Review Board may dismiss the complaint against, reprimand, or direct Bar Counsel to file charges against, an *attorney*. Rule BV9 states that "[c]harges against an *attorney* shall be filed" by Bar Counsel in this Court. (Emphasis added throughout.)

The term "attorney" is defined for purposes of the disciplinary rules in BV1 a:

> "'Attorney' means any person admitted by the Court of Appeals to practice law. For purposes of discipline or inactive status, the term also includes a member of the bar of any other state, district, or territory of the United States who is employed as counsel in any case pending before any judicial tribunal or Orphans' Court sitting in this State, or before any administrative agency of this State...."

■ The record in this case reveals that Joel Hyatt is *not* an attorney as that term is used in the BV rules. Hyatt is a member of the Ohio bar. He has never been admitted to practice law in Maryland. The record fails to disclose that he has ever been "employed as counsel in any case pending" in this State. Bar Counsel conceded that the name Joel Hyatt has never, to his knowledge, appeared on any pleadings filed in any court in this State. Because Hyatt is not an attorney as that term is defined in Rule BV1, this

Court has no jurisdiction over him for purposes of disciplinary action under the BV rules.[5]

Hyatt, apparently desirous of a decision on the merits of the advertising issue, "submitted" himself to the jurisdiction of this Court. We are not concerned here, however, with *personal* jurisdiction over Joel Hyatt. Rather, what the BV rules make evident is that this Court and the Attorney Grievance Commission have no *subject matter* jurisdiction with respect to disciplinary proceedings against someone who is not an attorney within the meaning of the BV rules. As we have stated so frequently in the past, subject matter jurisdiction cannot be conferred by consent of the parties. *Kawamura v. State,* 299 Md. 276, 282 n. 4, 473 A.2d 438 (1984), and cases there cited. *Cf. In the Mtr. of Hyatt Legal Services,* 97 A.D.2d 983, 468 N.Y.S.2d 778 (1983).

We must dismiss the charges against Joel Hyatt for lack of jurisdiction.

CHARGES DISMISSED IN ACCORDANCE WITH THIS OPINION.

---

**5.** As Rule BV 1 recognizes, this Court may discipline attorneys who are not members of the Maryland bar when they are permitted to practice in a Maryland court in a particular case. For an illustration of such a situation in another jurisdiction, *see Kentucky Bar Ass'n v. Shane,* 553 S.W.2d 467 (Ky.1977).