486 N.E.2d 1012 (1986)
STATE of Indiana ex rel. Disciplinary Commission of the Supreme Court of Indiana
v.
Richard Lee OWEN, II.
No. 685 S 253.
Supreme Court of Indiana.
January 2, 1986.
*1013 No Appearance for respondent.
Sheldon A. Breskow, Executive Secretary, Indianapolis, for Indiana Supreme Court Disciplinary Com'n.
PER CURIAM.
The Constitution of the State of Indiana, Article 7, Section 4, Appellate Rule 4(A)(3), and I.C. 33-2-3-1 grant this Court exclusive original jurisdiction in matters concerning the unauthorized practice of law in the State of Indiana. This proceeding is an original action seeking to enjoin the Respondent, Richard Lee Owen, II, from the unauthorized practice of law under the procedure set forth in Ind.R.A.D. 24.
In accordance with the above-noted authority and procedure, the Disciplinary Commission of this Court has filed a verified complaint setting forth certain factual allegations, and the Respondent has filed his verified response to such matters. Upon examination of these pleadings, we are now of the opinion that the factual issues are sufficiently presented and that a commissioner need not be appointed.
Accordingly, this Court now finds that the Respondent, Richard Lee Owen, II, is not an attorney admitted to the practice of law in the State of Indiana. That at all times material to the allegations set forth in the verified complaint, he maintained an office in Porter, Indiana, under the name "Legal Research Agency." During the month of May, 1983, Robert Weess, an inmate in the Jackson, Michigan, Prison contacted the Respondent and sought advice concerning a post-conviction proceeding arising out of a murder conviction. On June 6, 1984, Respondent replied that he would research this case and "determine what issues are available to you, and what the proper motions are for you to file." Respondent asked for an advance payment of $737.50 and advised Mr. Weess that any research "on the issues would be additional at the rate of $10.00 per hour." Shortly thereafter, Weess' wife sent a check for four hundred dollars to Respondent's office as a retainer to begin work on the case. On October 15, 1984, Respondent provided Weess a memorandum addressing the question of "what are the defendant's rights when a plea of guilty is entered." In this memorandum, Respondent sets forth various Michigan statutes and general reference citations, concluding that the "validity of the guilty plea should be considered" and that "it is imperative to give an accurate account of the issues considered and a transcript must be received for review."
As this Court has stated before, the core element of practicing law is the giving of legal advice to a client. Merely entering into such relationship constitutes the practice of law. Professional Adjusters, Inc. v. Tandon (1982), Ind., 433 N.E.2d 779; In re Perrello (1979), 270 Ind. 390, 386 N.E.2d 174. The Respondent in this case was hired by a client to give legal advice. He undertook the proffered employment, proceeded to examine the case, and gave Weess advice as to what legal steps Weess should pursue. The exercise of such judgment on behalf of a client constitutes the practice of law and is restricted to persons who have qualified and been admitted to the Bar. By entering into the relationship and by giving legal advice, *1014 the Respondent, a non-attorney, has engaged in the unauthorized practice of law.
In his response to the verified petition to enjoin him from the practice of law, Respondent has offered an apology for any misunderstanding he may have caused and agrees not to practice law by giving advice to non-lawyers. To avoid any misunderstanding of our holding under this cause, we specifically note that we have not drawn a distinction between giving advice to non-lawyers and others. By reason of the conduct noted above, we have concluded that Respondent has engaged in the unauthorized practice of law. This opinion is not intended to sanction any other acts by Respondent.
This Court's authority to set standards for and to supervise the practice of law emanates from the need to protect the public from those not properly licensed or otherwise qualified to act as attorneys. The very nature of Respondent's business presents a real opportunity to engage in prohibited conduct, as in the instance before us. We, thus, find that due cause exists for the issuance of a permanent injunction and that the Disciplinary Commission's petition should be granted.
Accordingly, the Respondent, Richard Lee Owen, II, is hereby permanently enjoined from engaging in the unauthorized practice of law with or without the assistance of those admitted to the Bar of this State.
Costs of this proceeding are assessed against the Respondent.
SHEPARD, J., not participating