STATE of Indiana Ex Rel. DISCIPLINARY COMMISSION OF the SUPREME COURT OF INDIANA

v.

Dennis N. CROFTS, Respondent.

No. 82S00–8605–DI–424.

Supreme Court of Indiana.

Dec. 4, 1986.

No appearance entered, for respondent.

Sheldon A. Breskow, Executive Secretary, Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

## PER CURIAM

This proceeding is now before the Court pursuant to Admission and Discipline Rule 24 which implements this Court's exclusive, original jurisdiction, as set forth in the Constitution of the State of Indiana, Article 7, Section 4, in matters concerning the unauthorized practice of law. Under the procedure set forth in this rule, the Disciplinary Commission of the Court, by a verified petition, prays that this Court permanently enjoin the Respondent, Dennis N. Crofts, from the further unauthorized practice of law. In response to the petition, Respondent has filed a Motion to Dismiss, Answer, Statement of Affirmative Defenses, Motion for Summary Judgment and Brief in Support of Summary Judgment.

Admission and Discipline Rule 24 authorizes the filing of a verified return and no other pleadings. The matters filed by the Respondent in this cause, which appear to be an attempt to incorporate federal trial rules into this proceeding, in good part do not comply with the above noted rule. Accordingly, Respondent's Motion to Dismiss and Motion for Summary Judgment are denied.

Respondent's "Answer" and "Statement of Affirmative Defenses" do appear to be in the nature of a return. They will be so treated. Upon examination of the record now before this Court, we are of the further opinion that the factual issues are sufficiently presented and that a Commissioner need not be appointed.

This court has not provided a comprehensive definition of what conduct constitutes the practice of law in that each factual situation must be judged on its own specific circumstance. *Miller v. Vance* (1984), Ind., 463 N.E.2d 250. However, this Court has long recognized that the "performing of services in a court of justice, in any matter depending therein throughout its various stages, and in conformity to the adopted rules of procedure" constitutes the practice of law. *Fink v. Peden* (1938), 214 Ind. 584, 17 N.E.2d 95, citing *Eley v. Miller* (1893), 7 Ind.App. 529, 535, 34 N.E. 836.

This original action to enjoin the unauthorized practice of law concerns the participation of the Respondent in two parallel bankruptcy proceedings and related litigation in the United States Bankruptcy Court, Southern District of Indiana, Evansville Division. Under cause number 81–01759–EV–RA, Joseph S. Schnee and Marilyn Schnee filed as debtors; Fred G. Miller was Trustee and Frank R. Hahn became the Successor Trustee. Under Cause Number 81–81–01760 EV RA, Economy Liquors filed as the debtor; Joseph S. Schnee, and Marilyn Schnee the Directors and Principle Officers of this Corporation; Kenneth Schnee is listed as the Vice President. In the adversary proceedings which have grown out of these two bankruptcy proceedings, various defendants have been named. In all of these proceedings, however, Respondent is not a party, trustee, or scheduled creditor.

This Court now further finds that on or about June 6, 1985, the debtors and trustee filed, under Adversary Proceeding No. 85–

0088, a complaint to avoid a tax sale against various defendants. The Plaintiffs were represented by counsel; the controversy centered on the purported tax sale by Vanderburgh County of certain property which allegedly was part of the ongoing bankruptcy proceedings. An answer and counterclaim were filed and a response to the counterclaim was filed. The matter was finally set for oral argument. On March 7, 1986, the Respondent, Dennis N. Crofts, who is not an attorney admitted to the practice of law in this state, filed a pleading entitled "Appearance and Complaint for Injunction and Declaratory Relief." The Respondent asked the Court to stay the proceedings until a particular defendant, who was represented by counsel, could adequately defend the complaint.

On or about February 19, 1986, among other pleadings, Joseph and Marilyn Schnee filed multiple-court complaints under adversary proceeding numbers 86–0040, 86–0043, 86–0049 and 86–0052 against the bonding company for their attorney, and alleged attorneys of record in certain unspecified litigation. The parties prayed for damages in excess of $1,000,000 dollars in each cause. The causes were filed *pro se*, but notarized before the Respondent. Attached to the complaints filed under Adversary Proceeding Numbers 86–0049 and 86–0052 were certifications signed by the Respondent noting that the documents were copies of originals maintained in his possession. Counter pleadings were filed and on or about March 14, 1986, Respondent filed jointly under all four causes a pleading entitled "Appearance and Motion to Retain Reference and Reference to Bankruptcy Judge" and a "Brief in Support of Motion to Retain Reference and Reference to Bankruptcy Judge". In this pleading, the Respondent denotes the stated preference of plaintiffs (supposed pro se litigants) and in paragraphs five and eight of his brief asserts argument as "counsel". This pleading is signed "Dennis N. Crofts, *pro se* ".

From on or about February 18, 1986, through March 3, 1986, Joseph and Marilyn Schnee filed the additional twenty-one complaints relating to the ongoing bankruptcy proceedings. These pleadings all indicate that they were filed, *pro se;* Respondent appears as Notary or an attesting party in every case. The complaints seek millions of dollars in damages from various attorneys, suppliers, the trustees, a financial institution and others. They were assigned adversary proceeding cause numbers. Although not a party to any of these causes, Respondent filed his "appearance".

The Respondent also has filed pleadings in the original bankruptcy proceedings separate and apart from the above-noted complaints seeking damages. On or about February 13, 1986, under cause numbers 81–1760 and 1759–EV, the Respondent, although not a party, debtor or creditor interested in any estate filed a document entitled "Appearance and himself "as friend of the Court and an officer duly sworn to uphold the Constitution ..." and in the interest of preserving and protecting "the estate, assets and legal rights of the bankrupt" asks the Court to set this matter for hearing. In a parallel pleading under these causes, Respondent further requests that "all assets and disbursements in said cause be frozen retroactively ...". Respondent additionally filed a general pleading indicating his appearance and a second pleading asking for instructions relative to his above-noted request for an emergency hearing.

Before determining whether, by reason of the above noted, the Respondent engaged in the unauthorized practice of law, we first address the defenses raised in Respondent's answer. Generally, Respondent denies all allegations, asserts that he is immune from any suit concerning his duties as a notary, contends that the "plaintiffs" lack standing to bring the litigation, states that he is a "party in interest", alleges that there is an unethical conspiracy on the part of the Executive Secretary of the Disciplinary Commission and another attorney, questions the motives behind this litigation and argues that the complaint fails to state a claim.

It is obvious from the pleadings tendered by Respondent that he does not fully understand the nature of the proceeding he is now confronting. Our purpose here is not to find fault, assess liability or diminish his honesty as a notary. This adjudication is merely a determination of whether or not the Respondent is qualified to perform acts which constitute the practice of law. See, *State ex rel. Indiana State Bar Association v. Moritz* (1963), 244 Ind. 156, 191 N.E.2d 21. Accordingly we now find that Respondent's affirmative defenses are without merit in this proceeding.

Based upon the above noted findings and reasonable inferences which might emanate from these particular circumstances, it appears to this Court that the Respondent's conduct constitutes the representation of the interests of the Schnees' in the ongoing bankruptcy cases and related proceedings in federal court. This representation in federal court is conduct subject to this Court's jurisdiction in these proceedings. *In re Perrello* (1979), 270 Ind. 390, 386 N.E.2d 174. In that Respondent is not a duly licensed attorney in this state, this Court now accordingly finds that he has and continues to engage in the unauthorized practice of law.

This Court's authority to set standards and supervise the practice of law is based on the need to protect the public from those not properly licensed or otherwise qualified to act as attorneys. *State ex rel. Disciplinary Commission v. Owen* (1986), Ind., 486 N.E.2d 1012. This case presents a very clear example where the character of the tribunal, the interests at stake and the potential for ineptness in the course of representation create a real hazard for the public. Cf. *State ex rel. Pearson v. Gould* (1982), Ind., 437 N.E.2d 41. This Court now further finds that due cause exists for the issuance of a permanent injunction and that the Disciplinary Commission's petition should be granted.

IT IS THEREFORE ORDERED BY THIS COURT that the Respondent, Dennis N. Crofts, is hereby permanently enjoined from the unauthorized practice of law.

Costs of these proceedings are assessed against the Respondent.

SHEPARD, J., not participating.

DeBRULER, J., dissenting.