**In the Matter of James A. FLETCHER.**

No. 98S00–9406–DI–563.

Supreme Court of Indiana.

Sept. 1, 1995.

Ronald E. Elberger, Bose McKinney & Evans, Indianapolis, for respondent.

Donald R. Lundberg, Executive Secretary, David E. Hughes, Staff Attorney, Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

### ON MOTION TO DISMISS

PER CURIAM.

This attorney disciplinary action comes to us on Respondent James A. Fletcher's motion to dismiss for lack of jurisdiction. Respondent is admitted to the state bar of Illinois, but has never been licensed as a member of this state's bar. The Disciplinary Commission formally commenced this action on June 21, 1994 by filing a verified complaint alleging that Respondent knowingly made false statements of material fact to an Indiana trial court judge while admitted, pursuant to Ind.Admission and Discipline Rule 3, *pro hac vice* as defendant's counsel of record in a civil action in Whitley Circuit Court.[1]

Specifically, the Commission alleges that Respondent told Presiding Judge James R. Heuer, in open court, that he had not met face-to-face with his clients the prior evening, when in fact he had. The trial concluded on December 2, 1992, with a verdict in favor of the plaintiffs. Respondent remained counsel of record for the defendants through initiation of an appeal in the Indiana Court of Appeals. He filed a petition to withdraw his appearance on July 15, 1994, which was granted by the Court of Appeals on August 9, 1994. The Commission alleges violation of the *Rules of Professional Conduct for Attorneys at Law* arising from the statement Respondent made to Judge Heuer.

Respondent now moves this Court for dismissal, arguing that it has no disciplinary jurisdiction over an attorney not admitted to this state's bar. Alternatively, Respondent contends that any disciplinary jurisdiction this Court may have had in this case somehow evaporated once he withdrew his *pro hac vice* appearance. We disagree.

Pursuant to Article 7, Section 4 of the Indiana Constitution, this Court possesses original jurisdiction

in admission to the practice of law; discipline or disbarment of those admitted; the unauthorized practice of law; discipline, removal, and retirement of justices and judges; supervision of the exercise of jurisdiction by the other courts of the State; and issuance of writs necessary or appropriate in aid of its jurisdiction.

■ This Court has held that, pursuant to Section 4, it is the exclusive province of this Court to regulate professional legal activity. *In re The Matter of Public Law No. 154–1990 (H.E.A. 1044),* (1990), Ind., 561 N.E.2d 791, 792, *citing In re Mann* (1979), 270 Ind. 358, 385 N.E.2d 1139. This Court has exclusive jurisdiction in matters involving the admission and discipline of attorneys. *In re Kesler* (1979), 272 Ind. 161, 163, 397 N.E.2d 574, 575; *cert. denied,* (1980), 449 U.S. 829, 101 S.Ct. 96, 66 L.Ed.2d 34. Members of this state's bar are admitted by this Court pursuant to such jurisdiction. Admis.Disc.R. 1; Admis.Disc.R. 3.

Pursuant to its authority to regulate the profession, this Court has from time to time promulgated rules concerning admission to the practice of law and discipline of those so practicing. In this regard, Admis.Disc.R. 23(1) provides:

This Court has exclusive jurisdiction of all cases in which an attorney who is admitted to the bar of this Court or who practices law in this State (hereinafter referred to as

---

1. The relevant portion of Admis.Disc.R. 3 provides:

   A member of the Bar of another state or territory of the United States, or District of Columbia, may appear, in the trial court's sole discretion, in Indiana trial courts in any particular proceeding for temporary period so long as said attorney appears with local Indiana counsel after petitioning the trial court for the courtesy and disclosing in said petition all pending causes in Indiana in which said attorney has been permitted to appear.

   Such appearances in one state by an attorney regularly admitted and licensed to practice in another state are generally permitted as a matter of comity, incident to the disposition of a particular matter isolated from his or her usual practice in the state of his or her residence. *Attorneys: revocation of state court pro hac vice admission,* 64 A.L.R.4th 1217 (1988).

"attorney") is charged with misconduct ... The term "attorney" as used in this rule shall include, in addition to all persons admitted to the bar of this Court, [those] who practice law in this State ...

■ Admission and Discipline Rule 23(1) reflects this Court's exclusive jurisdiction of matters concerning the practice of law in this state, regardless of whether the practitioner is an attorney admitted to this state's bar. Other states recognize similar jurisdiction and authority. *See Kentucky Bar Association v. Shane* (1977), Ky., 553 S.W.2d 467 (attorney licensed only in Ohio but engaging in misconduct in Kentucky subject to the disciplinary jurisdiction of the Kentucky Supreme Court); *Attorney Grievance Commission v. Hyatt* (1985), 302 Md. 683, 490 A.2d 1224 (Maryland Court of Appeals may discipline attorneys who are not members of the Maryland bar where they are permitted to practice in a Maryland court in a particular case). Our primary responsibility in admission and discipline matters is to protect the public against incompetent and unscrupulous professionals. *In re Lee* (1974), 262 Ind. 439, 441, 317 N.E.2d 444, 445.

■ It is the province of this Court to determine what acts constitute the practice of law. *In re Perrello* (1979), 270 Ind. 390, 397, 386 N.E.2d 174, 179. The practice of law includes "the doing or performing services in a court of justice, in any matter depending therein, throughout its various stages ... [b]ut in a larger sense it includes legal advice and counsel ..." *Fink et al. v. Peden* (1938), 214 Ind. 584, 589, 17 N.E.2d 95, 96 (other citations omitted). The core element of practicing law is the giving of legal advice to a client and placing oneself in the very sensitive relationship wherein the confidence of the client, and the management of his affairs, is left totally in the hands of the attorney. *Perrello,* 270 Ind. at 398, 386 N.E.2d 174; *State ex rel. Disciplinary Commission v. Owen* (1986), Ind., 486 N.E.2d 1012, 1013. The practice of law includes the appearance in court representing another. *State ex rel. Western Parks, Inc. v. Bartholomew County Court* (1978), 270 Ind. 41, 44, 383 N.E.2d 290, 292. Contrary to his assertions, there is no question that Respondent's

representation of the civil defendants during trial in Whitley Circuit Court and through initiation of an appeal constitutes the practice of law in this state. We conclude that he is subject to our disciplinary jurisdiction based on this activity. Further, at the time of the alleged misconduct, Respondent was admitted, as a courtesy of the trial court, *pro hac vice.* A *pro hac vice* admission, being a trial court's accommodation of an out-of-state lawyer pursuant to authority granted by this Court, bears with it the obligation to subject oneself to the full panoply of Indiana court rules, including those involving professional conduct and discipline. *See Hyatt, supra; Paramount Communications v. QVC Network* (1994), Del.Supr., 637 A.2d 34, 53 (lawyers admitted *pro hac vice* to represent a party in Delaware proceedings are subject to Delaware disciplinary rules); *Royal Indemnity Co. v. J.C. Penney* (1986), 27 Ohio St.3d 31, 27 OBR 447, 501 N.E.2d 617, 64 A.L.R.4th 1207 (attorneys subject to disciplinary proceedings by state supreme court for conduct underlying revocation of *pro hac vice* admission).

■ Respondent argues that he should not be subjected to our *Rules of Professional Conduct* because Ind.Professional Conduct Rule 8.5 does not provide fair warning that lawyers admitted *pro hac vice* will be held accountable to them. Rule 8.5 provides, "A lawyer admitted to practice in this jurisdiction is subject to the disciplinary authority of this jurisdiction although engaged in practice elsewhere." Respondent's present reliance on this rule is misplaced. Rule 8.5 applies where an Indiana lawyer is practicing in another state, not where, as here, an out-of-state lawyer is practicing in Indiana. Further, as demonstrated above, the Indiana Constitution and Admission and Discipline Rules clearly provide that anyone practicing law in this state is subject to this Court's disciplinary authority.

■ Respondent next argues that this Court lost any disciplinary jurisdiction it may have had when he withdrew his *pro hac vice* appearance. His argument lacks merit. Although his *pro hac vice* admission provides convenient empirical evidence supporting our finding that he was engaged in the practice

of law in this state, our disciplinary jurisdiction is not grounded solely in his *pro hac vice* admission. It also arises from his having practiced law in this state.

 While sanctions cannot include direct impingements on the license issued by another state, the available sanctions do include penalties appropriate to punish or prevent misconduct that occurs in Indiana. These include vacating existing *pro hac vice* admissions[2], prohibiting future *pro hac vice* admissions[3], injunctive relief under Admis.Disc.R. 24[4], and costs.

Based on the foregoing, we conclude that we have disciplinary jurisdiction of Respondent's alleged acts of misconduct. Accordingly, Respondent's motion to dismiss for lack of jurisdiction is denied.

All Justices concur.

---

2. *See, e.g., Royal Indemnity, supra; Johnson v. Trueblood* (1979), E.D.Pa., 476 F.Supp. 90, 91 (revocation of *pro hac vice* admission where conduct of counsel "exceeded the bounds of proper conduct set by the Code of Professional Responsibility."); *Attorneys: revocation of state court pro hac vice admission,* 64 A.L.R.4th 1217.

3. *See Paramount Communications,* 637 A.2d 34 (inviting attorney Joseph Jamail to appear before the Delaware Supreme Court to explain why he

should not be barred from practicing in Delaware following his egregious misconduct during a deposition). *See also* Wade Lambert, "Jamail's Vitriolic Talk in Delaware Leads to a 16–Page Court Rebuke," Wall St. J., Feb. 8, 1994, at B5.

4. Admission and Discipline Rule 24 governs actions to restrain or enjoin the unauthorized practice of law in this state.