**Anthony LEVY, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee.**

No. 49A02–0301–CR–28.

Court of Appeals of Indiana.

Nov. 26, 2003.

Transfer Denied Jan. 9, 2004.

John Pinnow, Greenwood, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SULLIVAN, Judge.

Anthony Levy brings this interlocutory appeal challenging the trial court's denial of his motion to dismiss the charges against him. He presents two issues for our review, which we restate as:

I. Whether the Indiana Supreme Court has exclusive jurisdiction over all matters relating to the unauthorized practice of law; and

II. Whether enactment of Ind.Code § 33–1–5–1 (Burns Code Ed. Repl. 1998) violates the separation of powers doctrine.

We affirm.

Levy was charged with the unauthorized practice of law for his part in a real estate transaction. At the time, Levy was neither an attorney nor a real estate agent. After he was charged, Levy filed a motion seeking dismissal of the charges. That motion was denied. He subsequently sought and received certification for an interlocutory appeal. This court accepted jurisdiction of his appeal. Thereafter, the State petitioned the Supreme Court, requesting that it assume jurisdiction over the matter because it dealt with the issue of the Supreme Court's jurisdiction. Our Supreme Court denied the State's petition.

Upon appeal, Levy specifically claims that the Supreme Court is granted exclusive and original jurisdiction of matters concerning the unauthorized practice of law by Article 7, Section 4 of the Indiana Constitution. Consequently, he asserts that the Marion Superior Court has no jurisdiction to try him for a violation of I.C. § 33–1–5–1. Further, he claims that the enactment of I.C. § 33–1–5–1 by the General Assembly amounts to a violation of the separation of powers between the legislative and judicial branches of government, in contravention of Article 3, Section 1 of the Indiana Constitution.

## I

### Jurisdiction

Our review begins with Article 7, Section 4 of the Indiana Constitution, which states in relevant part:

"The Supreme Court shall have no original jurisdiction except in admission to the practice of law; discipline or disbarment of those admitted; *the unauthorized practice of law;* discipline, removal, and retirement of justices and judges; supervision of the exercise of jurisdiction by the other courts of the State; and issuance of writs necessary or appropriate in aid of its jurisdiction." (emphasis supplied).

While many cases have involved the application of this constitutional provision, we have found no case in which either this court or our Supreme Court have interpreted how this provision is to be applied when an individual has been charged with the crime of unauthorized practice of law. That being said, several cases, statutes, and the rules of appellate procedure inform our decision.

The basis for Levy's argument is that Article 7, Section 4 has been interpreted to grant the Supreme Court original *and* exclusive jurisdiction over the enumerated issues. Indeed, there is support for his assertion. In the case of *In re Mann,* 270 Ind. 358, 360, 385 N.E.2d 1139, 1141 (1979), our Supreme Court in a per curiam opinion stated:

"Under the Constitution of the State of Indiana, this Court is given exclusive jurisdiction relating to the disbarment or discipline of attorneys. Ind. Const., Art. 7, Sec. 4. Thus, it is this Court's constitutional responsibility to preserve the integrity of the legal profession and safeguard the public from those who do not meet acceptable standards of professional behavior."

In the case of *In re Fletcher,* 655 N.E.2d 58, 59 (Ind.1995), also a per curiam opinion, our Supreme Court stated, "This Court has held that, pursuant to Section 4, it is the exclusive province of this Court to

regulate professional legal activity." Most recently, in *In re Murgatroyd,* 741 N.E.2d 719, 719 (Ind.2001), again a per curiam opinion, our Supreme Court stated, "it is the exclusive province of this Court to regulate professional legal activity in this state...." In a footnote, the Court cited to Article 7, Section 4 and *Fletcher, supra,* for support.

■ Even though these three cases were brought before our Supreme Court in disciplinary actions against an attorney, they are applicable here because Article 7, Section 4 grants our Supreme Court the same jurisdiction over the admission and discipline of attorneys as it does over the unauthorized practice of law, i.e., original jurisdiction. Therefore, we have no choice but to interpret the grant of jurisdiction to be the same for each issue, at least from a constitutional perspective. Nonetheless, we do not agree with Levy's assessment that our Supreme Court's jurisprudence has conclusively established that only the Supreme Court has jurisdiction over all matters relating to the unauthorized practice of law.

In *Fletcher,* immediately prior to announcing that it was granted exclusive jurisdiction to regulate professional legal activity, our Supreme Court stated that Article 7, Section 4 granted "original jurisdiction." 655 N.E.2d at 59. Thus, our Supreme Court seemed to recognize that the constitutional provision granted the Court only original jurisdiction, but, relying upon prior cases, went on to conclude that it had exclusive jurisdiction pursuant to Article 7, Section 4. In *Disciplinary Comm'n of Supreme Court of Indiana v. Owen,* 486 N.E.2d 1012 (Ind.1986), our Supreme Court recognized additional authority in stating that it has exclusive and original jurisdiction of matters concerning the unauthorized practice of law. Not only did the court cite to Article 7, Section 4, but it also relied upon I.C. § 33–2–3–1 and Ind. Appellate Rule 4(A)(3). *Id.* at 1013. Likewise, in *Miller v. Vance,* 463 N.E.2d 250, 251 (Ind.1984), our Supreme Court cited to Article 7, Section 4, Appellate Rule 4(A)(3), and two additional cases in indicating that it had exclusive jurisdiction over the unauthorized practice of law. However, in that same opinion, our Supreme Court stated, "The determination of what constitutes the unauthorized practice of law in specific circumstances is the exclusive jurisdiction of this Court." *Id.* at 253. The only authority cited by our Supreme Court for that position was Article 7, Section 4. *Id.* In *Cincinnati Ins. Co. v. Wills,* 717 N.E.2d 151, 165 (Ind.1999), Justice Dickson, in his dissenting opinion, stated that our Supreme Court has exclusive jurisdiction over the admission and discipline of attorneys pursuant to Article 7, Section 4, *Fletcher, supra,* and *In re Kesler,* 272 Ind. 161, 397 N.E.2d 574 (1979), *cert. denied,* 449 U.S. 829, 101 S.Ct. 96, 66 L.Ed.2d 34 (1980).[1] Nonetheless, in the following sentence, he noted that the Court had original jurisdiction in matters relating to the unauthorized practice of law pursuant to Article 7, Section 4, *Fletcher, supra,* and *In re Contempt of Mittower,* 693 N.E.2d 555 (Ind.1998).[2] Finally, our Supreme Court has adopted new appellate rules which took effect on January 1, 2001. Those rules provide that our Supreme Court has "exclusive jurisdiction" over "[m]atters relating to the practice of law including: (a) [a]dmissions to practice law; (b) [t]he discipline and disbarment of attorneys admitted to the practice of law; and (c) [t]he unauthorized practice of law (other

---

1. In *Kesler,* the Court cited only to Article 7, Section 4.

2. In *Mittower,* the Court relied upon Article 7, Section 4 and *Fletcher.*

than criminal prosecutions therefor)." Indiana Appellate Rule 4(B).

Article 7, Section 4, as currently written, came into being following an amendment to the Indiana Constitution in 1970. At that time, original jurisdiction was defined as, "Jurisdiction in the first instance; jurisdiction to take cognizance of a cause at its inception, try it, and pass judgment upon the law and facts. Distinguished from *appellate* jurisdiction." Black's Law Dictionary 1251 (4th ed.1968) (emphasis in original). Exclusive jurisdiction was viewed to "preclude [the] idea of co-existence, and mean[s] possessed to exclusion of others." *Id.* at 673. Clearly, original and exclusive jurisdiction were not viewed as the same type of jurisdiction when the constitutional amendment was passed. Neither are they viewed as the same today.[3]

From a review of the relevant cases, we may deduce that at the very least, there has been some confusion or uncertainty about what source provided our Supreme Court with exclusive jurisdiction over the areas in which Article 7, Section 4 gave it original jurisdiction. It appears, though, that our Supreme Court, through adopting Appellate Rule 4(B), recognized and enunciated that Article 7, Section 4 did not grant it exclusive jurisdiction of the listed matters, but that its exclusive province came from some other source. That other source was a statute passed by our General Assembly which made the grant of original jurisdiction, in some instances, a statutory grant of exclusive jurisdiction.

■ Indiana Code § 33–2–3–1 (Burns Code Ed. Repl.1998) states, "The Supreme Court of this state shall have the exclusive jurisdiction to admit attorneys to practice law in all courts of the state and exclusive jurisdiction to issue restraining orders and injunctions in all cases involving the unauthorized practice of the law under such rules and regulations as it may prescribe." This statute was originally passed in 1931.[4] Based upon the language of this statute, there is no dispute that our Supreme Court has sole and exclusive power to prohibit the unauthorized practice of law by issuing restraining orders and injunctions to stop those who are not licensed by the Supreme Court from practicing law. However, what is crucial to our analysis is what the statute does not say, i.e. that our Supreme Court has exclusive power to punish those who have engaged in the unauthorized practice of law for their past transgressions. Certainly, our Supreme Court could punish violations of its restraining orders and injunctions by holding in contempt an individual who continues in the unauthorized practice of law after the Supreme Court has ordered that person to stop. *See In re Crumpacker,* 431 N.E.2d 91, 98 (Ind.1982) (holding disbarred attorney in contempt for violating the Court's order in that he continued to practice law

3. Presently, "original jurisdiction" is defined as "[a] court's power to hear and decide a matter before any other court can review the matter. Cf. *appellate jurisdiction.*" Black's Law Dictionary 856 (7th ed.1999) (emphasis in original). "Exclusive jurisdiction" is "[a] court's power to adjudicate an action or class of actions to the exclusion of all other·courts . . . Cf. *concurrent jurisdiction.*" *Id* (emphasis in original).

4. The original version of the statute granted the Supreme Court exclusive jurisdiction to admit attorneys to practice law in this state but did not address the issue of the unauthorized practice of law. 1913 Indiana Acts Ch. 64 § 1; Indiana Code Ann. § 4–3605 (1933). In 1951, the statute was amended to include the provision that the Supreme Court was granted exclusive jurisdiction to issue restraining orders and injunctions in all cases involving the unauthorized practice of law. 1951 Indiana Acts Ch. 143 § 1; Indiana Code Ann. § 4–7405 (1968).

while working for an estate planning firm after his disbarment). That power notwithstanding, there is no other mechanism, either granted by the Constitution or statute, through which our Supreme Court *alone* may punish the past actions if they occur before they are enjoined.

In light of the various sources of law before us, we must conclude that the grant of original jurisdiction in Article 7, Section 4 of the Constitution did one thing and one thing alone—it gave the Supreme Court the power to entertain and decide all cases involving the issue of unauthorized practice of law. However, it did not give the Supreme Court the power to hear cases concerning the unauthorized practice of law to the *exclusion* of other courts. From this, we hold that trial courts [5] appropriately have jurisdiction to conduct trials in which an individual is charged with the unauthorized practice of law under I.C. § 33–1–5–1.[6] This result is consistent with our Supreme Court's most clear pronouncement of its jurisdiction, as stated in Appellate Rule 4(B).

## II

### Separation of Powers

■ The second issue which Levy presents is whether the General Assembly may appropriately criminalize the unauthorized practice of law, or whether its enactment of I.C. § 33–1–5–1 violates the separation of powers doctrine contained in Article 3, Section 1 of the Indiana Constitution. In large part, Levy's argument is based upon his belief that our Supreme Court has exclusive jurisdiction over all matters pertaining to the unauthorized practice of law. As we have determined, such is not the case. The other support upon which Levy relies is his view that by passing the statute, the General Assembly has usurped some of the authority of the Supreme Court in regulating the practice of law. This too is incorrect.

The role of our General Assembly is clear. According to Article 4, Section 1 of the Indiana Constitution, the General Assembly is vested with legislative authority. Our Supreme Court recognized this power of the General Assembly in *Mann, supra.* In *Mann,* our Supreme Court stated, "Standards of criminal conduct are legislative in origin. The legislative branch of government, within constitutional parameters, characterizes those acts which are deemed by society to be criminal...." 270 Ind. at 360, 385 N.E.2d at 1141.

Applying this principle, we see no constitutional violation in the General Assem-

---

**5.** In this case, the Marion Superior Court has jurisdiction over this action pursuant to Ind. Code § 33–5.1–2–4 (Burns Code Ed. Repl. 1998), which grants the court original jurisdiction of all violations of Indiana law.

**6.** This conclusion is supported by our Supreme Court's decision in *State ex rel. Indianapolis Bar Ass'n v. Fletcher Trust Co.,* 211 Ind. 27, 5 N.E.2d 538 (1937), *overruled on other grounds by In re Perrello,* 260 Ind. 26, 291 N.E.2d 698 (1973). In *Fletcher Trust Co.,* our Supreme Court noted that it had no jurisdiction over one who was not a member of the Bar and was practicing law to punish him for contempt except for acts which affected or interfered with the functioning of the Supreme Court for the reason that a specific

statute existed for that purpose. 211 Ind. at 38–39, 5 N.E.2d at 543. The Court noted that when one was charged under the statute, which is the predecessor to that at issue here, the individual has the right to stand trial either before a court or a jury. 211 Ind. at 39, 5 N.E.2d at 543. It noted that he has a right to be heard and to present evidence, and if convicted, to appeal that ruling. *Id.* The Court then concluded that if it were to assume jurisdiction to try all who are illegally practicing law on contempt charges, it would be taking away all of the rights of the accused, including the right to a public trial by an impartial jury in the county in which the offense shall have been committed. *Id.*

bly's enactment of I.C. § 33–1–5–1. The General Assembly simply characterized an act to be criminal. In so doing, it provided a mechanism to punish individuals who engage in the unauthorized practice of law, much the same as it provided a mechanism to punish theft or speeding. That it regulates the "unauthorized practice of law," an area which *may* fall within the exclusive jurisdiction of the Supreme Court in some cases does not render it unconstitutional. Indiana Code § 33–1–5–1 is the sole means to punish an individual's criminal act when that person is not a member of the Bar unless the Supreme Court has taken steps to enjoin or restrain that individual's actions pursuant to its authority under I.C. § 33–2–3–1. Without I.C. § 33–1–5–1, the ability of the State to protect its citizens from those masquerading as attorneys would be diminished and possibly lost in some instances.

The ruling of the trial court in denying the motion to dismiss is affirmed.

FRIEDLANDER, J., and RILEY, J., concur.