ATTORNEY FOR THE RESPONDENT
Sherrill W. Colvin
Fort Wayne, Indiana

ATTORNEY FOR THE INDIANA SUPREME COURT
DISCIPLINARY COMMISSION
Donald R. Lundberg, Executive Secretary
Indianapolis, Indiana

# In the
# Indiana Supreme Court

**FILED**
May 23 2008, 10:27 am

**CLERK**
of the supreme court,
court of appeals and
tax court

No. 98S00-0609-DI-340

IN THE MATTER OF:

GEOFFREY N. FIEGER,

                                                *Respondent.*
_____

Attorney Discipline Action
Hearing Officer Leslie C. Shively
_____

**May 23, 2008**

**Per Curiam.**

This matter is before the Court on the report of the hearing officer appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," and on the post-hearing briefing by the parties. We find that Respondent, Geoffrey N. Fieger, engaged in attorney misconduct by making material misrepresentations in a sworn application for temporary admission (also known as admission *pro hac vice*) in an Indiana court.

The Respondent's temporary admission to this state's bar subjects him to this Court's disciplinary jurisdiction. See IND. CONST. art. 7, § 4. For his misconduct, we find that Respondent should be prohibited from seeking temporary admission to the bar of Indiana for a period of two years.

## Background

Count I.  Respondent is licensed to practice law in Michigan.  On April 16, 2001, the Michigan Attorney Grievance Commission, through its Grievance Administrator, filed a disciplinary petition against Respondent with the Michigan Attorney Discipline Board ("ADB"). The alleged misconduct was making disparaging and threatening remarks on Respondent's radio program aimed at three Michigan Court of Appeals judges who had ruled against him.  On January 9, 2004, a hearing panel of the ADB, with Respondent's consent, ordered a reprimand but reserved Respondent's right to appeal First Amendment issues he had raised. On November 8, 2004, the ADB vacated the order of reprimand and dismissed the complaint.  The Grievance Administrator appealed this ruling, and on May 27, 2005, the Michigan Supreme Court agreed to review the decision of the ADB.  Respondent tried to remove the case to federal district court, which remanded the case to the Michigan Supreme Court.  Respondent initiated an appeal of the district court's ruling to the Court of Appeals for the Sixth Circuit.  On November 28, 2005, the Grievance Administrator filed its brief on the merits in the Michigan Supreme Court.

That was the status of the Michigan action when, on December 17, 2005, Respondent executed his Application for temporary admission in the St. Joseph Circuit Court ("Indiana trial court").   In the Application, Respondent asserted under oath that no "formal disciplinary proceedings" were currently pending against him.  He intentionally altered the language of Admission and Discipline Rule 3(2)(a)(4)(v) to add the word "formal."  On January 6, 2006, Respondent filed and the Indiana trial court granted the Application.

On July 31, 2006, the Michigan Supreme Court reversed the decision of the ADB, and remanded the case for imposition of the agreed order of reprimand.  Respondent notified the Indiana trial court of this development on August 22, 2006.

Count II.  Respondent also is admitted to the practice of law in Arizona.  In September 2005, a "probable cause panelist" of the State Bar of Arizona issued a finding that probable cause existed for filing a disciplinary complaint against Respondent and ordered the Arizona State Bar Association ("ASBA") to file a complaint against Respondent.  Respondent was served with and received a "Probable Cause Order."

That was the status of the Arizona action when Respondent executed his Application for temporary admission on December 17, 2005. The Commission concedes that when Respondent *executed* his Application, no *formal* disciplinary action was pending against Respondent in Arizona.

On December 30, 2005, the ASBA filed a complaint alleging several ethical violations. Respondent filed his Application for temporary admission in Indiana on January 6, 2006. The ASBA complaint was served on Respondent's Arizona attorney on January 9, 2006. Respondent was notified no later than January 20, 2006, about this action. Respondent concedes that a formal disciplinary proceeding against him was pending in Arizona at the time he filed his Application on January 6, 2006. He took no steps to inform the trial court for more than nine months.

Other facts. After the Indiana trial court approved Respondent's temporary admission, the opposing party filed a motion to reconsider on January 23, 2006. After a hearing, the court denied Respondent temporary admission for failure to disclose the Michigan action. Respondent filed a motion to reconsider this order, which was heard on May 31, 2006. Respondent argued that his Application was correct because the Michigan proceeding had been dismissed, although an appeal was pending. At the hearing he stated, "I have no pending charges." The court issued an order on June 12, 2006, again granting Respondent temporary admission, with the direction that he inform the court of any developments in the Michigan action. At no time during this period did Respondent notify the Indiana trial court that a formal disciplinary proceeding had been filed against him and was pending against him in Arizona.

The Commission filed its Verified Compliant against Respondent on September 27, 2006. Respondent did not inform the Indiana trial court. It was brought to the court's attention when the opposing party filed another motion to reconsider Respondent's temporary admission on November 21, 2006.

3

On October 20, 2006, the Commission notified Respondent it was investigating his failure to inform the Indiana trial court about the Arizona proceeding. On November 6, 2006, Respondent finally notified the Indiana trial court that an Arizona disciplinary proceeding had been filed against him on December 30, 2005.

The hearing officer's decision. The hearing officer appointed to hear this disciplinary action concluded Respondent's Application was accurate with respect to the Michigan and Arizona actions when executed and thus complied with the requirements of Admission and Discipline Rule 3(2)(a)(4)(v). While the hearing officer concluded Respondent failed to promptly inform the Indiana trial court of subsequent developments in both these actions, he noted the Commission had not based its charges on these failures. Reasoning he was "constrained by the parameters of due process," the hearing officer recommended final disposition in favor of Respondent.

## Discussion

The disclosure requirement. A temporary admission is a trial court's accommodation of an out-of-state lawyer pursuant to authority granted by this Court. *See* Matter of Fletcher, 655 N.E.2d 58, 60 (Ind. 1995). It is discretionary with the judge whether to allow temporary admission to an out-of-state attorney. *See* Sparks v. State, 537 N.E.2d 1179, 1181 (Ind. 1989). In seeking temporary admission, an out-of-state attorney must make certain representations under oath, including:

> That **no disciplinary proceeding is presently pending** against the attorney in any jurisdiction; or, if any proceeding is pending, the petition shall specify the jurisdiction, the charges and the address of the disciplinary authority investigating the charges. An attorney admitted under this rule **shall have a continuing obligation** during the period of such admission promptly to advise the court of a disposition made of pending charges or the institution of new disciplinary proceedings . . . .

Admission and Discipline Rule 3(2)(a)(4)(v) ("Disclosure Rule") (emphasis added).

Count I: What is a "disciplinary proceeding?" Respondent urges and the hearing officer seems to have reluctantly adopted an extraordinarily narrow interpretation of the Disclosure Rule. Respondent argues that the Application was accurate with respect to the Michigan action

because at the time Respondent executed it, the Michigan disciplinary "proceeding" had been dismissed and the appeal of that dismissal is not considered to be a "proceeding" under the Michigan system. His contention was supported primarily by the testimony of a Michigan attorney, who conceded that the Michigan rules do not define "proceeding" and that a chapter entitled "Professional Disciplinary Proceedings" includes a rule dealing with review by the Michigan Supreme Court.[1] (*See* Tr. at 190-91.)

As noted above, Respondent stated no "formal" disciplinary proceedings were pending against him. He testified he intentionally added the word "formal" to the language of the Disclosure Rule to protect himself from a charge of dishonesty in case there was some "complaint floating out there that I don't even know about or that I don't recall . . . ." (Tr. at 18.) Adding the word "formal" would not seem to help if this were really his concern; it would make more sense to say no "known" disciplinary proceedings were pending.[2] In any case, the change in wording shows Respondent gave careful consideration to the scope of his duty to disclose and chose not to mention the Michigan action.

The purpose of the Disclosure Rule is to give the trial court information relevant to its decision whether to allow an attorney to practice in Indiana. At the time Respondent executed the Application, the Michigan action had not come to rest and was being hotly litigated in both federal court and the Michigan Supreme Court. The Court is not convinced that the Michigan action at this juncture would not be considered a "proceeding" in Michigan. However, even if Respondent is correct on this technicality of Michigan procedure, the scope of the term "proceeding" when seeking temporary admission in *Indiana* depends on its meaning in the *Indiana* Disclosure Rule. The rule uses the broad term "proceeding" to include any and all actions by a disciplinary body at any stage against the attorney seeking temporary admission.[3] There is nothing in the rule or Indiana law to suggest that the term can be interpreted to include loopholes of any

---

[1] The witness was apparently referring to Michigan Court Rule 9.122.

[2] Adding the word "formal" might make more sense if his purpose was to avoid disclosing the brewing Arizona action.

[3] This does not include the submission of a grievance to a disciplinary body or that body's preliminary investigation of such a grievance.

sort.  Respondent had no authority to alter the language required by the Disclosure Rule to narrow its scope or create a loophole.

Count II:  On what date is the accuracy of an application determined?   The Commission does not specifically charge that Respondent violated his *continuing* duty under the Disclosure Rule to disclose *subsequent* developments in the Arizona action after filing his Application.  It does, however, charge that Respondent had a duty under Professional Conduct Rule 3.3(a)(3) to take remedial efforts to inform the court that his Application was inaccurate *when filed* because a formal proceeding had been initiated by that date.  Respondent argues that the Application was accurate when *executed* and it did not become inaccurate just because a disciplinary action was initiated before it was filed.  The Commission argues the relevant time for determining accuracy is when an application is *filed* because a court should be able to rely on the information in an application when acting on it.

As we held above, the term "proceeding" includes any and all actions by a disciplinary body against the attorney at any stage.  By the time Respondent executed his Application, a probable cause panelist had ordered the ASBA to file a complaint against Respondent, and Respondent had received a "Probable Cause Order."  Although the Commission agreed with Respondent that no *formal* disciplinary action was pending at this point, it does not necessarily follow that the Disclosure Rule had not yet been triggered.  We express no opinion on this point, however, in light of the fact that the Commission argues only that Respondent was obligated to correct his Application once he knew formal charges had been filed.

An applicant is in the best position to know if events subsequent to execution of an application for temporary admission have affected the accuracy of the application by the time it is filed.  Putting the burden on the applicant to correct information that has become inaccurate between the execution and filing of an application serves best the purpose of the Disclosure Rule, which, as noted, imposes an affirmative duty on an applicant to update information after the application is filed.

6

Aggravating facts. In his Application, Respondent disclosed that he had been admitted to practice in Michigan, but did not mention Florida or Arizona, even though he was required by rule to set forth "[a]ll states and territories in which the attorney has ever been licensed to practice law." Admis. Disc. R. 3(2)(A)(4)(ii). This lack of disclosure would have hindered the Indiana trial court and the Commission from investigating his status in those jurisdictions. And as noted above, Respondent failed to fulfill his continuing obligation promptly to advise the Indiana trial court of the institution of new disciplinary proceedings.

Ethical Violations. The Court concludes Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

Rule 3.3(a)(1): Knowingly making a false statement of fact to a tribunal and failing to correct a false statement of material fact previously made to the tribunal.

Rule 3.3(a)(3): Failing to take reasonable remedial efforts after becoming aware that the lawyer offered false material evidence.

Rule 8.4(c): Engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

Sanction. In Matter of Fletcher, 694 N.E.2d 1143 (Ind. 1998), an attorney who had been granted temporary admission made statements that misled the judge to believe that his clients were not at a location when deputies attempted to serve them there. The Court rejected the respondent's argument that he simply misspoke and did not intend to mislead the judge, holding that the attorney's misrepresentations were knowing and that they constituted deceitful conduct and conduct prejudicial to the administration of justice. For this misconduct, we prohibited the respondent from applying for temporary admission in Indiana for two years.

We conclude that Respondent's failure to comply with the Disclosure Rule and failure to correct previously provided erroneous information were knowing and intended to deceive the Indiana trial court. For this misconduct, we conclude the appropriate sanction is to bar Respondent from applying for temporary admission in Indiana in any new cases for two years. The status of Respondent's temporary admission in the proceeding currently pending before the Indiana trial court is not affected by this order, but that court retains its discretion to reconsider Respondent's temporary admission in that proceeding.

7

## Conclusion

For his professional misconduct, the Court bars Respondent from applying for temporary admission to the bar of Indiana in any new cases for a period of two years from the date of this opinion.

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

The Clerk of this Court is directed to give notice of this opinion to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d).

Shepard, C.J., Boehm, J., and Rucker, J., concur.

Dickson, J., dissents regarding the sanction and would bar Respondent permanently from temporary admission to the Indiana bar.

Sullivan, J. dissents and would adopt the analysis and conclusion of the hearing officer, as described in the Court's opinion.