In the Matter of George W.
MURGATROYD, III.

In the Matter of Gerald C. Sterns.

Nos. 98S00–9303–DI–307,
98S00–9303–DI–310.

Supreme Court of Indiana.

Feb. 5, 2001.

Samuel J. Goodman, Highland, IN, for Respondent George W. Murgatroyd, III.

James H. Voyles, Indianapolis, IN, for Respondent Gerald C. Sterns.

Donald R. Lundberg, Executive Secretary, Charles M. Kidd, Staff Attorney, Indianapolis, IN, for the Indiana Supreme Court Disciplinary Commission.

### DISCIPLINARY ACTION

PER CURIAM

These two disciplinary cases arise from the same underlying incident involving out-of-state lawyers' written solicitation in this state of the families and the victims of a 1992 airplane crash. Before us now for our consideration are proposed agreed judgments, submitted by the Disciplinary Commission and the respondents, offering agreed resolution of the verified complaints for disciplinary action pending in these matters. As it is the exclusive province of this Court to regulate professional legal activity in this state,[1] we now must decide whether to accept the proposed judgments as acceptable means to dispose

---

1. Ind. Const., Art. VII, Sec. 4; *Matter of*     *Fletcher*, 655 N.E.2d 58 (Ind.1995).

of the allegations of misconduct pending against the respondents.

Respondent Murgatroyd is an attorney in good standing in the state of California, having been admitted there in 1983. Respondent Sterns is also an attorney in good standing in the state of California, having been admitted there in 1960. Each concentrates his practice in the area of "mass tort" litigation. Neither is or has ever been admitted to the practice of law in the state of Indiana. Neither has ever sought or obtained admission to the Indiana bar pursuant to a *pro hac vice* appointment, pursuant to Ind.Admission and Discipline Rule 3(2).[2]

Accordingly, both respondents asserted at some length that this Court does not possess either subject matter jurisdiction or personal jurisdiction over them. They also sought to dismiss the Commission's request for injunctive relief aimed at preventing practices that might be contrary to Indiana law. These issues were resolved against the respondents in both state and federal court. *In the Matter of George W. Murgatroyd, III*, No. 98S00–9303–DI–307 (Ind., Oct. 29, 1993) (motion to dismiss on grounds of jurisdiction and motion to dismiss request for injunction both denied); *In the Matter of Gerald C. Sterns*, No. 98S00–9303–DI–310 (Ind., Oct. 29, 1993) (same); *Sterns v. Lundberg*, 922 F.Supp. 164 (S.D.Ind.1996) (complaint alleging lack of personal and subject matter jurisdiction dismissed).

The facts are not in dispute. On February 6, 1992, a military aircraft crashed in Evansville, Indiana. A number of fatalities occurred both among the aircrew and others on the ground as a result of the crash. Employees or someone under the control of both Respondent Sterns and Respondent Murgatroyd, respectively, caused to be delivered by United States mail written solicitations to prospective clients in connection with the crash. Those submissions were not transmitted to the Commission and did not contain the words "advertising material" thereon. The respondents did not regularly solicit prospective clients in this state before the plane crash and do not regularly solicit clients in this state. They did not investigate, or cause to be investigated, the requirements of Indiana law with respect to targeted mail solicitations at or before the time the written solicitations were transmitted to Indiana, although that failure was not for the intentional purpose of committing misconduct under our *Rules of Professional Conduct for Attorneys at Law*. Their solicitations never resulted in either being retained by any client. In cases where the respondents have represented clients in a jurisdiction where they are not admitted, they have associated themselves with local counsel with specific goals of complying with all procedural, substantive and ethical laws of the forum jurisdiction. The respondents' selection of and affiliation with qualified local counsel, however, is a step which commonly occurs after they have made the decision to undertake an attorney-client relationship with a prospective plaintiff or group of plaintiffs. The respondents do not customarily associate with local counsel prior to being retained by specific clients.

The verified complaints for disciplinary action in both cases each contain two counts. Count I of each complaint charges that the respondents violated *Indiana's Rules of Professional Conduct* pertaining to the form and procedure with which lawyers' written solicitations of clients in this state must comply. In the alternative, count II of each complaint alleges that by the act of causing the solicitations to be dispersed to prospective clients in this state, the respondents engaged in the unauthorized practice of law in this state.

■ Notwithstanding the fact that the respondents hold no Indiana law licenses and therefore are not subject to this

---

**2.** Pursuant to that rule, an attorney not admitted to practice in this state may nonetheless seek a limited admission upon petition for a particular proceeding.

Court's usual disciplinary sanctions for licensed Indiana attorneys who engage in professional misconduct, any acts which the respondents take in Indiana that constitute the practice of law are subject to our exclusive jurisdiction to regulate professional legal activity in this state.[3] By directing the solicitations to the prospective clients, the respondents communicated to those persons that they were available to act in a representative capacity for them in Indiana courts to address loss or injury associated with the plane crash. As such, they held themselves out to the public as lawyers in this state when neither was admitted to practice here.[4] Those acts constituted professional legal activity in this state subject to our regulatory authority. *See Fletcher,* 655 N.E.2d 58, 59.

■ Available procedural routes for use in addressing charges of unauthorized practice of law in this state include referral to the Commission and an original action in the Supreme Court pursuant to Admis.Disc.R. 24 governing the unauthorized practice of law. *See Matter of Mittower,* 693 N.E.2d 555 (Ind.1998) (unauthorized practice of law after order accepting resignation from state bar constituted indirect contempt of this Court); *Cincinnati Ins.*

3. Indiana law governing the unauthorized practice of law includes the following provisions: Admis.Disc.R. 24. Rules Governing the Unauthorized Practice of Law

   Original actions, under Chapter 143 of the 1951 Acts, to restrain or enjoin the unauthorized practice of law in this state may be brought in this court by the attorney general, the Indiana State Bar Association or any duly authorized committee thereof, without leave of court, and by any duly organized local bar association by leave of court. The action against any person, firm, association or corporation, shall be brought by verified petition, in the name of the state of Indiana, on the relation of the authorized person or association or committee, and shall charge specifically the acts constituting the unauthorized practice.

   Within time allowed, a respondent may file a verified return showing any reason in law or fact why an injunction should not issue. No other pleading in behalf of a respondent will be entertained. All allegations of fact in the petition and return shall be specific and not by way of ultimate fact or conclusion. The return shall specifically deny or admit each allegation of fact in the petition, and it may allege new facts in mitigation or avoidance of the causes alleged in the petition.

   The parties shall file an original and five [5] copies of all pleadings, including exhibits, plus an additional copy for each adverse party. If any exhibit shall be a matter of public record one [1] certified copy thereof shall be filed with the original petition or return. No pleading or exhibit thereto will be considered which has words or figures on both sides of the same sheet of paper. No restraining order will issue without notice except upon the filing of an undertaking with conditions and surety to the approval of the court. Notice of the filing of the petition will be given and served upon any respondent as may be directed by the court, such notice to be accompanied by a copy of the petition. The clerk will mail a copy of any return to the relator.

   The verified petition and return shall constitute the evidence upon which the issues are decided, unless the court shall deem it necessary to, and shall appoint, a commissioner, in which event such commissioner, who shall have full authority to subpoena witnesses and records, shall hear the evidence and report his findings of fact to the court. A copy of any pertinent agreement, made by any recognized bar association concerning the unauthorized practice of law, may be attached to and made a part of any pleading and unless denied under oath shall be deemed to be a true copy without further proof of the execution thereof.

   The costs and expenses incurred by such hearing shall be borne by the losing party. Briefs need not conform to requirements of Appellate Rules 8.1–8.4. Arguments will not be heard as of right.

   33–2–3–1 Rules and regulations of court
   The Supreme Court of this state shall have exclusive jurisdiction to admit attorneys to practice law in all courts of the state and exclusive jurisdiction to issue restraining orders and injunctions in all cases involving the unauthorized practice of the law under such rules and regulations as it may prescribe.

4. In this regard, we note that, pursuant to IC 33–1–5–1, it is a class B misdemeanor for a person to "hold himself out as a practicing lawyer, to conduct the trial of a case in any court of this state, or to engage in the business of a practicing lawyer, without first having been admitted as an attorney-at-law by the supreme court of this state."

*Co. v. Wills,* 717 N.E.2d 151, 154 (Ind. 1999). A law license issued by another state is not subject to sanction by this Court. *Fletcher,* 655 N.E.2d at 61. However, this Court may impose penalties appropriate to punish or prevent misconduct that occurs in Indiana. *Id.*

▮▮▮ Count I of each complaint alleged that the form and content of the respondents' solicitations were defective under Indiana rules governing such communications. As a general proposition of law, the practice of targeted mail solicitation of prospective clients by lawyers is permitted. *Shapero v. Kentucky Bar Association,* 486 U.S. 466, 108 S.Ct. 1916, 100 L.Ed.2d 475 (1988). However, the Commission alleged that the solicitations did not comply with Indiana law governing the content of lawyer advertising. Specifically, the Commission alleged that the solicitation letters were not labeled "advertising material," as required by Prof.Cond.R. 7.3(c).[5] It charged that they contained statistical data or other information based on past performance or a prediction of future success, which statements are prohibited by Prof.Cond.R. 7.1(d)(2).[6] It charged that the respondents did not file the materials with the Commission at or prior to disseminating them, as required by Prof.Cond.R. 7.3(c).[7] It further charged that Respondent Murgatroyd's solicitation materials contained endorsements of and testimonials about him and that it used language appealing primarily to a lay person's fear, greed, desire for revenge, or similar emotion, in violation of Prof.Cond.R. 7.1(d).[8]

The agreed judgments provide for the dismissal of each count I, but the remaining operative language of each agreed judgment provides that the respondents, pursuant to Admission and Discipline Rule 24, shall be enjoined to comply with various terms and conditions attaching to any future solicitations and/or representations they may make or undertake this state. Those terms and conditions are as follow:

1. Any future solicitation of prospective clients by means of targeted communications which are transmitted by any medi-

---

**5.** Professional Conduct Rule 7.3(c) provides:

Every written or recorded communication from a lawyer soliciting professional employment from a prospective client potentially in need of legal services in a particular matter, and with whom the lawyer has no family or prior professional relationship, shall include the words "Advertising Material" conspicuously placed both on the face of any outside envelope and at the beginning of any written communication, and both at the beginning and ending of any recorded communication. A copy of each such communication shall be filed with the Indiana Supreme Court Disciplinary Commission at or prior to its dissemination to the prospective client. In the event a written or recorded communication is distributed to multiple prospective clients, a single copy of the mailing less information specific to the intended recipients, such as name, address and date of mailing, may be filed with the Commission. Each time any such communication is changed or altered, a copy of the new or modified communication shall be filed with the Disciplinary Commission at or prior to the time of its mailing or distribution. The lawyer shall retain a list containing the names and addresses of all persons or entities to whom each communication has been mailed or distributed for a period of not less than one (1) year following the last date of mailing or distribution. Communications filed pursuant to this subdivision shall be open to public inspection.

**6.** Professional Conduct Rule 7.1(d)(2) provides:

A lawyer shall not, on behalf of himself, his partner or associate, or any other lawyer affiliated with him or his firm, use or participate in the use of any form of public communication which:

(2) contains statistical data or other information based on past performance or prediction of future success[.]

**7.** *See* footnote 4, *supra.*

**8.** Professional Conduct Rule 7.3(d)(5) provides:

A lawyer shall not, on behalf of himself, his partner or associate, or any other lawyer affiliated with him or his firm, use or participate in the use of any form of public communication which:

(5) appeals primarily to a lay person's fear, greed, desire for revenge, or similar emotion[.]

um into the state of Indiana shall comply with the then-current requirements of Indiana's *Rules of Professional Conduct* or any successor rules as promulgated by his Court.

2. Before the initiation of any attorney-client relationship with any Indiana resident, or before undertaking a representation involving a cause of action with a venue within the state of Indiana, the respondents shall familiarize themselves with the then-current version of Indiana's *Rules of Professional Conduct* or any successor rules as promulgated by this Court and comply with said rules.

3. Within a reasonable time after undertaking a representation involving a cause of action in any court in this state, the respondents shall associate themselves with a member in good standing of the Indiana bar and shall apply for *pro hac vice* admission in accordance with all the provisions of Admis.Disc.R. 3 or its successor rule.

4. The respondents shall put reasonable measures in place to ensure that the conduct of their law partners, associate lawyers, non-lawyer support staff, experts or independent contractors comports with the terms of their agreements and Indiana's *Rules of Professional Conduct.* The respondents shall be vicariously responsible for the conduct of those under their supervision and direction who violate such rules.

We find that the agreed injunctions in these cases represent adequate remedies for the respondents' sending to prospective Indiana clients targeted written solicitations. The terms of the injunction are sufficient to ensure that, should the respondents ever again send written solicitations to prospective clients in this state, their solicitations will comply with Indiana's *Rules of Professional Conduct* or any rules of conduct applicable at that time. The terms also ensure that, should future solicitations ever evolve into an attorney-client relationship between the respondents and any Indiana clients, the respondents will become properly admitted to the practice of law in this state for the resulting representation. We note, however, that, had these cases been litigated, the judgments imposed by this Court would not necessarily have been the same as the agreed judgments we have accepted.

It is, therefore, ordered that the proposed agreed judgments in these matters are hereby accepted.

It is further ordered that Count I of the verified complaints for disciplinary action filed in *Matter of Sterns* and *Matter of Murgatroyd* are hereby dismissed, without prejudice.

The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the United States District Courts in this state, and the clerks of the United States Bankruptcy Courts in this state with the last known address of respondent as reflected in the records of the Clerk.

Costs of this proceeding are assessed against the respondents.