**In the Matter of John P. COALE and Phillip B. Allen.**

No. 98S00–9303–DI–309.

Supreme Court of Indiana.

July 29, 2002.

Robert W. Hammerle, Indianapolis, IN, for Respondent John P. Coale.

No appearance, for Respondent Phillip B. Allen.

Donald R. Lundberg, Executive Secretary, Charles M. Kidd, Staff Attorney, Indianapolis, IN, for the Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

PER CURIAM.

Because the respondents, both of whom are attorneys licensed in states other than Indiana, solicited potential clients in this state without complying with our rules governing client solicitation, we find today that they should be barred from engaging in acts constituting the practice of law in this state until further order of this Court.

 This matter was instituted with the Disciplinary Commission's *Verified Complaint for Disciplinary Action,* which contained two counts. The first count alleged that the respondents' written solicitations of potential clients violated the *Rules of Professional Conduct for Attorneys at Law.* The second count, in the alternative, alleged that the respondents engaged in the unauthorized practice of law in this state. Pursuant to Ind.Admission and Discipline Rule 23(11), this Court appointed a hearing officer who, after hearing, submitted to this Court his findings of fact and conclusions of law. At hearing, the evidence submitted consisted solely of the Commission's verified complaints for disciplinary action, the respondents' answers thereto, and supporting briefs. Respondent Allen did not appear at hearing.[1] Respondent Coale appeared at hearing and, pursuant to Admis.Disc.R. 23(15), has petitioned this Court for review of those findings. Pursuant to this Court's directive, the Commission has filed a response brief to the respondent's petition for review. Where a respondent petitions this Court for review of the hearing officer's report, our review is *de novo* in nature and entails a review of the entire record presented. *Matter of Barratt,* 663 N.E.2d 536 (Ind. 1996).

Respondent Coale is an attorney licensed in the District of Columbia. Respondent Allen is an attorney licensed in the state of California. Neither is or has ever been admitted to the practice of law in the state of Indiana. Neither has ever sought or obtained admission to the Indiana bar pursuant to a *pro hac vice* appointment, pursuant to Admis.Disc.R. 3(2).[2]

The hearing officer found that this case involves the crash of a Kentucky Air National Guard Cargo Plane into certain buildings and public areas in Evansville, Indiana on February 6, 1992. In addition to the air crew members who died, at least 11 people were killed and several other people injured as a result of the crash. By their own admission, the respondents sent videotapes, personal letters and folders containing information about their law firm and a firm brochure to seven people who were widows, widowers or surviving parents of the crash victims or to the crash

---

1. We note that on December 6, 1995, the hearing officer ordered that, "Phillip B. Allen is ordered separated from John P. Coale for the purposes of cause number and trial. Allen should be given a new and separate cause and cause number. Disciplinary Commission is directed to ensure this is accomplished." The docket in this case does not reflect that the ordered separation was ever accomplished. On January 2, 2001, this Court's clerk sent by mail notice of pre-trial hearing to each respondent to their address as reflected on this Court's clerk's docket. On January 15, 2001, the hearing officer ordered final hearing to be set for March 23, 2001, with notice sent to both respondents to their addresses as reflected on this Court's clerk's docket, again by mail. That order noted that respondent Allen did not appear at pre-trial conference. The hearing officer's findings of fact, filed on June 22, 2001, also reflected that respondent Allen did not appear at the final hearing on March 23, 2001. The docket also indicates that neither notice sent to Allen was returned as undeliverable.

2. Pursuant to that rule, an attorney not admitted to practice in this state may nonetheless seek a limited admission upon petition for a particular proceeding.

victims themselves. The hearing officer found that these letters, tapes and folders were sent for the express purpose of attempting to obtain the people receiving the information as clients and were soliciting their business. The material did not include the words "advertising material," and the respondents did not send the material to the Disciplinary Commission prior to the time they sent it to the prospective clients. The material did contain the following text, apparently in reference to other disasters:

"John Coale and Phil Allen came to the aid of thirteen (13) of the victims or their family winning compensation among the highest awards for the case."

"John Coale and Phil Allen represented the families of nine (9) of the victims, helping them through this tragedy and winning for them substantial compensation for their tragic loss."

"... the settlement sum is reported to be the largest product liability settlement in U.S. history ..."

"Phil Allen worked with Plaintiff's steering committee, filing motions and briefs getting the case ready for trial. The result was a hundred and eighty million dollar settlement ($180,000,000), the largest for a personal injury class action suit at the time."

"John Coale represented families of those killed in the blaze as well as several of those injured. His work help [sic] lead to over two hundred and twenty five million dollars ($225,000,000) in compensation for Plaintiffs in this case."

At the outset, we note that Respondent Coale argued both at hearing and again in his petition for review of the hearing officer's report that this Court does not have jurisdiction over him in this case because he is not a licensed Indiana attorney. We note that this issue was resolved against other out-of-state respondents in a companion state disciplinary case and related federal cases. *In the Matter of George W. Murgatroyd, III, and Gerald C. Sterns,* 741 N.E.2d 719 (Ind.2001); *Sterns v. Lundberg,* 922 F.Supp. 164 (S.D.Ind.1996) (complaint alleging lack of personal and subject matter jurisdiction dismissed). Our analysis of this jurisdictional issue in *Murgatroyd* we think is applicable to this case as well:

Notwithstanding the fact that the respondents hold no Indiana law licenses and therefore are not subject to this Court's usual disciplinary sanctions for licensed Indiana attorneys who engage in professional misconduct, any acts which the respondents take in Indiana that constitute the practice of law are subject to our exclusive jurisdiction to regulate professional legal activity in this state. [Footnote omitted] By directing the solicitations to the prospective clients, the respondents communicated to those persons that they were available to act in a representative capacity for them in Indiana courts to address loss or injury associated with the plane crash. As such, they held themselves out to the public as lawyers in this state when neither was admitted to practice here. [Footnote omitted] Those acts constituted professional legal activity in this state subject to our regulatory authority. [Citation omitted]

*Murgatroyd* at 721.

■ Upon his petition for review, filed after the hearing officer's findings of fact were filed with this Court, Respondent Coale argues that the Commission presented no evidence that the respondents sent any communication to any Indiana citizen. That fact, he argues, precludes this Court from finding a violation of Indiana's *Rules of Professional Conduct.* It is true that the verified complaint, while listing the names of the persons to whom the respondents directed the communica-

tions, does not specifically allege that they were residents of Indiana. At the fact-finding stage of these proceedings, however, Respondent Coale never argued that the targets of the solicitations were not specifically proven to be Indiana residents.[3] In his initial answer to the charges, filed on April 9, 1993, Respondent Coale never argued the recipients' residence.[4] This case proceeded for some 9 years before the issue of the recipients' physical location was ever addressed. Upon review of the evidence in this case, the hearing officer concluded that the targets of the solicitations were Indiana residents. Accordingly, we find that the record in this case is sufficient to support the inference that the targets of the respondents' solicitations were Indiana residents.[5] Further, to allow Respondent Coale, after the close of the fact-finding stage of these proceedings, to now argue as a matter of fact that the targets were not demonstrated to be Indiana residents would be to permit introduction of facts with no opportunity for the Commission to supplement the record with evidence of the recipients' residence. By failing to advance the residence issue until after the fact-finding stage of these proceedings concluded, Respondent Coale waived the argument upon review.

 Respondent Coale further argues that there is nothing in the record to indicate that he was involved in any way in sending the offending materials. The respondents' answer, agreed by the Respondent Coale to be evidence in this case, states that the informational materials concerning his law firm, Coale, Allen & Van Susteren, were sent to the persons listed in the verified compliant. He argues that "the partner of a small law firm [like Coale, Allen & Van Susteren] may not be disciplined for the conduct of an (unidentified) individual affiliated with the firm." Even assuming, *arguendo*, that Coale was not directly responsible for the dissemination of the solicitations, the respondent is responsible for another lawyer's acts if the respondent ratified the conduct involved or timely knew of conduct taken by a lawyer over whom he had direct supervisory authority and failed to take reasonable remedial action. Prof.Cond.R. 5.1(c). *Accord,* Prof.Cond.R. 5.3, regarding a lawyer's responsibilities regarding nonlawyers employed by the lawyer.

 Respondent Coale also asserts that these proceedings violate the respondents' right to due process because "the court that ultimately will decide this matter is the entity that demanded the pursuit of the disciplinary charges against the respondent[s]." He refers to the fact that on March 9, 1992, Chief Justice Randall Shepard and Justice Brent Dickson held a press conference during which they called for an investigation into the advertising and solicitation practices which they per-

---

**3.** In his petition for review, Respondent Coale states that he did argue this point before the hearing officer in his *Brief in Opposition to the Charges of the Disciplinary Commission,* signed by the respondent's counsel on April 6, 2001. However, the copy provided to this Court as an exhibit to the respondent's pleadings upon petition for review of the hearing officer's findings bears no file stamp, and the chronological case summary in this case does not indicate that that document was ever filed before the hearing officer.

**4.** Admission and Discipline Rule 23(14)(b) provides that an answer "shall admit or controvert the averments set forth in the complaint ... [a]verments in the complaint are admitted when not denied in the answer."

**5.** We also note that one of the recipients in this case, Tom Welch, was also a recipient of solicitations from other out-of-state attorneys after the disaster. Lawyers Gerald C. Sterns and George W. Murgatroyd, III, admitted to misconduct by sending the solicitations to Welch and others. *Matter of Murgatroyd and Sterns,* 741 N.E.2d 719 (Ind.2001).

ceived as improper. Because of that press conference, Respondent Coale argues that this Court is not an impartial tribunal with regard to this matter, and thus, pursuant to Canon 3 of the *Code of Judicial Conduct*, must recuse itself from this matter.[6] We note that we have already disposed of this argument once in this case. *Order Denying Motion to Dismiss*, issued June 25, 1993 (stating that the respondents' assertion of alleged judicial conduct does not constitute grounds for disqualification). In any event, this Court did not direct the filing of a formal grievance against the respondents here, but merely called for an investigation into solicitation practices following the airplane crash. The Commission, as a distinct entity, is empowered to bring a disciplinary action on its own grievance, and chose to do so in this case. *See* Admis.Disc.R. 23(10)(a). A hearing officer appointed by this Court has found misconduct following hearing. Due process, as applied to disciplinary proceedings involving attorneys, requires notice of the charges and an opportunity to be heard. *In re Ruffalo*, 390 U.S. 544, 88 S.Ct. 1222, 20 L.Ed.2d 117, *reh. den.* 391 U.S. 961, 88 S.Ct. 1833, 20 L.Ed.2d 874; *Matter of Stivers*, 260 Ind. 120, 292 N.E.2d 804 (1973); *Matter of Wireman*, 270 Ind. 344, 367 N.E.2d 1368 (1977). The respondents have been afforded both. We find the respondents' argument unpersuasive.

■■■ Turning now to the substantive allegations of misconduct, Count I of the complaint alleged that the form and content of the respondents' solicitations were defective under Indiana rules governing such communications. As a general proposition of law, the practice of targeted mail solicitation of prospective clients by lawyers is permitted. *Shapero v. Kentucky Bar Association*, 486 U.S. 466, 108 S.Ct. 1916, 100 L.Ed.2d 475 (1988), *Murgatroyd, supra.* However, the Commission alleged that the solicitations did not comply with Indiana law governing the content of lawyer advertising. Specifically, the Commission alleged that the solicitation letters were not labeled "advertising material," as required by Prof.Cond.R. 7.3(c).[7] It charged that they contained statistical data or other information based on past performance or a prediction of future success, testimonials about or endorsements

6. Canon 3(E) provides, in relevant part:

 (1) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where:
 (a) the judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge of disputed evidentiary facts concerning the proceeding [. . .]

7. Professional Conduct Rule 7.3(c) provides:

 Every written or recorded communication from a lawyer soliciting professional employment from a prospective client potentially in need of legal services in a particular matter, and with whom the lawyer has no family or prior professional relationship, shall include the words "Advertising Material" conspicuously placed both on the face of any outside envelope and at the beginning of any written communication, and both at the beginning and ending of any recorded communication.

A copy of each such communication shall be filed with the Indiana Supreme Court Disciplinary Commission at or prior to its dissemination to the prospective client. In the event a written or recorded communication is distributed to multiple prospective clients, a single copy of the mailing less information specific to the intended recipients, such as name, address and date of mailing, may be filed with the Commission. Each time any such communication is changed or altered, a copy of the new or modified communication shall be filed with the Disciplinary Commission at or prior to the time of its mailing or distribution. The lawyer shall retain a list containing the names and addresses of all persons or entities to whom each communication has been mailed or distributed for a period of not less than one (1) year following the last date of mailing or distribution. Communications filed pursuant to this subdivision shall be open to public inspection.

of lawyer, and a public communication which appeals primarily to a lay person's fear, greed, desire for revenge, or similar emotion, which statements are prohibited by Prof.Cond.R. 7.1(d)(2), (3), and (5).[8] It charged that the respondents did not file the materials with the Commission at or prior to disseminating them, as required by Prof.Cond.R. 7.3(c).[9] It further charged that the statements contained false, fraudulent, misleading, deceptive, self-laudatory or unfair statements or claims, in violation of Prof.Cond.R. 7.1(b).[10] The Commission also charged that the respondents violated the *Rules of Professional Conduct* in violation of Prof. Cond.R. 8.4(a) and that their conduct was prejudicial to the administration of justice in violation of Prof.Cond.R. 8.4(d).[11] The hearing officer found that the respondents violated Prof.Cond.R. 7.1(b), 7.1(d)(3), 7.3(c), and 8.4(d).

We agree that the respondents violated the rules, as found by the hearing officer. Specifically, the respondent's letters and accompanying materials were self-laudatory and clearly in the nature of endorsements in that they, for example, announced that the respondents helped other victims "through [their] tragedy and winning for them substantial compensation for their tragic loss" and that they won compensation for other victims that was "among the highest awards ..." They also announced in the materials that Respondent Coale's work in one case "helped to lead to over $225,000,000 in compensation for the Plaintiffs ..." Respondent Coale contends that the statements were not self-laudatory, but merely factual and objective. We disagree in that the respondents' message was not merely factual but instead contained subjective, favorable judgments as to the nature of the respondents' work and of the merits of the respondents' work in those cases.

Finally, we agree with the hearing officer's conclusion that the respondents' conduct was prejudicial to the administration of justice. The respondents' nonconforming solicitations divested the victims and their families the opportunity to make choices regarding legal counsel on objective grounds with the benefit of fair, acceptable information about the legal services they offered.

Having found misconduct, we must now determine an appropriate discipline for it. As we stated in *Murgatroyd*, since the respondents are not licensed in Indiana, our choices of sanction do not include direct impingement of their law licenses. *Murgatroyd*, 741 N.E.2d at 721. We can, however, regulate the professional conduct

---

**8.** Professional Conduct Rule 7.1(d)(2), (3) and (5) provide:

A lawyer shall not, on behalf of himself, his partner or associate, or any other lawyer affiliated with him or his firm, use or participate in the use of any form of public communication which:

...

(2) contains statistical data or other information based on past performance or prediction of future success;

(3) contains a testimonial about or endorsement of a lawyer;

...

(5) appeals primarily to a lay person's fear, greed, desire for revenge, or similar emotion[.]

**9.** *See* footnote 4, *supra*.

**10.** Prof.Cond.R. 7.1(b) provides:

(b) A lawyer shall not, on behalf of himself, his partner or associate or any other lawyer affiliated with him or his firm, use, or participate in the use of, any form of public communication containing a false, fraudulent, misleading, deceptive, self-laudatory or unfair statement or claim.

**11.** Prof.Cond.R. 8.4 provides, in relevant part:

It is professional misconduct for a lawyer to (a) violate or attempt to violate the rules of professional conduct; ... (d) engage in conduct that is prejudicial to the administration of justice.

of lawyers which occurs within the borders of this state. *Id.* The respondents' gross violation of this state's rules governing solicitation warrants their exclusion of practice from this state for a period of time in order to ensure that, should they ever again solicit clients in this state, they will abide by Indiana's *Rules of Professional Conduct. See, e.g., Matter of Fletcher,* 694 N.E.2d 1143 (Ind.1998) (two year exclusion from *pro hac vice* admission for violation of Indiana *Rules of Professional Conduct* while so admitted).

It is, therefore, ordered that the respondents, John P. Coale and Phillip B. Allen, are hereby barred from acts constituting the practice of law in this state (including *pro hac vice* admission) until further order of this Court. Additionally, they are assessed the costs of this proceeding.

The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to the hearing officer, and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the United States District Courts in this state, and the clerks of the United States Bankruptcy Courts in this state with the last known address of respondent as reflected in the records of the Clerk.