ATTORNEY FOR THE RESPONDENT
*Pro se*

ATTORNEYS FOR THE INDIANA SUPREME COURT
DISCIPLINARY COMMISSION
G. Michael Witte, Executive Secretary
Angie L. Ordway, Staff Attorney
Indianapolis, Indiana



FILED
May 27 2011, 11:01 am

CLERK
of the supreme court,
court of appeals and
tax court

# In the
# Indiana Supreme Court

No. 98S00-1012-DI-681

IN THE MATTER OF:

JOSHUA S. PARILMAN,

*Respondent.*

Attorney Discipline Action

**May 27, 2011**

**Per Curiam.**

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline. Respondent's solicitation of clients within Indiana subjects him to this Court's exclusive jurisdiction to regulate professional legal activity in this state. *See* IND. CONST. art. 7, § 4; Matter of Murgatroyd, 741 N.E.2d 719 (Ind. 2001).

The Court approves the agreement and finds that Respondent engaged in attorney misconduct by violating this state's ethical standards for advertizing legal services to Indiana residents. For this misconduct, we bar Respondent indefinitely from acts constituting the

practice of law in this state, including temporary admission and solicitation of clients, until further order of the Court.

## Background

Respondent practices law in Arizona and is not licensed in Indiana. In spring of 2010, he caused radio stations broadcasting in Indiana to air an advertisement inviting listeners involved in traffic accidents to call him. The advertisement stated in part:

> Have you or a loved one been involved in a serious automobile accident? . . .
>
> You can bet the insurance companies will have big-city lawyers on their side.
>
> Get protected with **a national firm that specializes in automobile accidents** to protect your rights and stand up for you and your family.
>
> If you, or a family member, have been harmed in an auto accident, call our 24-hour free consultation line. Open now at 800-xxx-xxxx.

(Emphasis added.) At least two Indiana residents responded to the advertisement. Respondent's only office is located in Phoenix and he is not part of a national law firm. He is not certified as a specialist in any field of practice by either Indiana or Arizona. In fact, neither Indiana nor Arizona certify lawyers in the area of "automobile accidents."

The parties cite the following facts in mitigation: (1) Respondent has no disciplinary history; and (2) Respondent was cooperative with the Commission.

## Discussion

Violations: The parties agree that Respondent violated these Indiana Professional Conduct Rules[1] prohibiting the following misconduct:

5.5(b)(2): Falsely representing that the attorney is admitted to practice in Indiana.

---

[1] The references are to the rules in effect at the time of the misconduct. Effective January 1, 2011, some prohibitions regarding client solicitation were reworded and relocated.

7.2(b):  Using a public communication containing false, misleading and/or deceptive statements.

7.2(c)(4):  Making a statement of specialization when not authorized.

7.2(c)(6):  Making a statement that contains a representation or implication that is likely to cause an ordinary prudent person to misunderstand or be deceived.

7.4:  Making a statement of specialization when not authorized.


Indiana Admission and Discipline Rule 30 permits the certification of lawyers as specialists by approved independent certifying organizations.  Among the purposes of this rule is to "assure that lawyers claiming special competence in a field of law have satisfied uniform criteria appropriate to the field."  Admis. Disc. R. 30, sec. 1(b).  An assertion by an attorney to be "specialized" outside the narrow scope of this rule is contrary to the purpose of this rule and misleading.  Similarly misleading is a statement to Indiana residents that an attorney is with a "national firm" when the attorney's only office is in a different state.  All attorneys, including those from other states, are obligated to know and comply with this state's ethical standards when advertising legal services to Indiana residents, whether by individualized contact, mass media, or anything in-between.


Discipline:  The parties propose the following discipline:  Respondent will be barred indefinitely from acts constituting the practice of law in this state, including temporary admission and solicitation of clients, until further order of the Court, and he will pay the costs of this proceeding.  We have imposed similar discipline on out-of-state attorneys who have violated this state's client solicitation rules, see Matter of Coale, 775 N.E.2d 1079, 1085 (Ind. 2002), and conclude that this is appropriate in the current case.


**Conclusion**


The Court, having considered the submissions of the parties, now approves the agreed discipline and bars Respondent indefinitely from acts constituting the practice of law in this state, including temporary admission and solicitation of clients, until further order of the Court.


3

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Clerk of this Court is directed to give notice of this opinion to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this opinion to the Court's website, and Thomson Reuters is directed to publish a copy of this opinion in the bound volumes of this Court's decisions.

All Justices concur.