ATTORNEY FOR THE RESPONDENT

Pro se

ATTORNEY FOR THE INDIANA SUPREME COURT
DISCIPLINARY COMMISSION
Donald R. Lundberg, Executive Secretary
Charles M. Kidd, Staff Attorney
Indianapolis, Indiana

# In the

# Indiana Supreme Court

No. 71S00-0509-DI-416

IN THE MATTER OF

**DANNY RAY HILL**                                        *Respondent.*

Disciplinary Action

**January  10, 2006**

*Per Curiam,*

Respondent, Danny Ray Hill, has failed on multiple occasions to meet his obligation, as required by Ind. Admission and Discipline Rule 23 § 10(a)(2), to respond to Indiana Supreme Court Disciplinary Commission demands for information in connection with grievances filed against him. By order dated September 12, 2005, we suspended respondent indefinitely as a result of his lack of cooperation.  As a result of yet another failure to respond to an order to show cause why he should not be suspended, on October 26, 2005, we issued an order for the respondent to appear before the Court to show cause why he should not be held in contempt. On November 23, 2005, respondent appeared before a hearing panel of this Court and explained his conduct. Because of respondent's continued failure to cooperate, we now conclude that he

should remain suspended until he can satisfy the reinstatement requirements set forth in Admis.Disc.R. 23 §§ 4 and 18.

## FACTS

Respondent has been the subject of more petitions to show cause for failure to cooperate than any other Indiana attorney. Between October 16, 2003 and September 16, 2005, the Commission filed nine such petitions and we have issued nine orders to show cause.[1] In each of the nine cases, the Commission made numerous unsuccessful attempts to correspond with respondent about the information the Commission sought, before it petitioned this Court.

On June 23, 2005, we issued an order suspending respondent due to his failure to cooperate.[2] As provided in Admis.Disc.R. 23 § 23(10)(f)(3), this suspension was to remain in effect until:

> (a) the Executive Secretary certifies to the Court that the attorney has cooperated with the investigation; (b) the investigation or any related disciplinary proceeding that may arise from the investigation is disposed; or (c) until further order of the Court.

On June 28, 2005, respondent filed a motion to lift the suspension and to reinstate. On July 30, 2005, we ordered that respondent should remain suspended until he paid outstanding costs that had been assessed in four of his cases.[3] Subsequent to this order, another failure to cooperate came before the Court on September 12, 2005.[4] At that time, we suspended respondent and specifically provided that his suspension could be lifted only after he had petitioned the Court and established that he was fit to return to the practice of law. Respondent was back before the Court on yet another failure to cooperate matter, and on October 26, 2005, we issued an Order to Appear and Show Cause, which led to the contempt hearing before the Court on November 23, 2005.

---

[1] *Matter of Hill*, 71S00-0310-DI-451; 71S00-0404-DI-196; 71S00-0405-DI-216; 71S00-0408-DI-387; 71S00-0504-DI-159; 71S00-0505-DI-238; 71S00-0506-DI-275; 71S00-0507-DI-328; and 71S00-0509-DI-416.

[2] *Matter of Hill*, 71S00-0504-DI-159.

[3] *Matter of Hill*, 71S00-0408-DI-387; 71S00-0504-DI-159; 71S00-0505-DI-238; and 71S00-0506-DI-275.

[4] *Matter of Hill*, 71S00-0507-DI-328.

DECISION

Respondent has demonstrated a serious lack of regard for the disciplinary process. His failures to cooperate have resulted in needless expenditure of Commission time and resources that could have been better spent dealing with other issues. He has also taken up an inordinate amount of this Court's time in dealing with his repeated refusals to cooperate. Though respondent has apologized to the Court and expressed remorse for his conduct, his apology is not consistent with his continuing failure to cooperate with Commission demands for information. At the time of his appearance before the Court on November 23, 2005, respondent still had not complied with Commission requests made months before. As such, we believe that respondent's continued suspension is necessary.

Our order of September 12, 2005, in cause number 71S00-0507-DI-328, suspending respondent until he petitioned this Court for reinstatement and established his fitness to return to the practice of law, has generated some confusion regarding the proper procedure for respondent's reinstatement, as evidenced by the Commission's motion for clarification filed November 10, 2005. The process for reinstatement of a lawyer suspended under Admis.Disc.R. 23 can be broken down into five general categories:

1. suspensions for failure to cooperate under § 10(f),
2. interim suspensions upon felony convictions under § 11.1(a),
3. suspensions for delinquent child support under § 11.1(c),
4. suspensions for failure to pay registration fees under § 21, and,
5. all other suspensions provided in Admis.Disc.R. 23.

Category number 5, which generally entails disciplinary suspensions without automatic reinstatement and disability suspensions, requires a lawyer seeking reinstatement to file a petition under Admis.Disc.R. 23 § 18, pay a filing fee of $500.00, and meet the requirements of Admis.Disc.R. 23 § 4. Category number 4 requires a written application to the Clerk of this Court and the payment of an administrative reinstatement fee of $200.00 as described in Admis.Disc.R. 23 § 21(e). Category 3 suspensions require the filing of a petition for reinstatement and a certified copy of a court order stating that the lawyer is no longer in intentional violation of an order for child support, and the payment of a $200.00 filing fee, as provided in Admis.Disc.R. 23 § 18(c). Category 2 suspensions require a verified motion for dissolution of the suspension as set forth in Admis.Disc.R. 23 § 11.1(b)(6).

As noted above, a Category 1 suspension for failure to cooperate continues until one of three conditions is met: certification of compliance by the Commission, disposition of the investigation or any related disciplinary proceeding, or further order of this Court. Neither of the first two conditions has occurred in this case. As such, by this opinion we are limiting respondent's reinstatement to the third condition: further order of the Court. Typically, reinstatement for failure to cooperate would not require the lawyer to petition pursuant to Admis.Disc.R. 23 § 18 and meet the requirements of Admis.Disc.R. 23 § 4. However, because of the nature and magnitude of respondent's repeated violations, we are concerned about his ability to function as a lawyer. We cannot be confident that he attends to his clients' affairs any more responsibly than his own. Therefore, we require respondent to petition for reinstatement as set forth in Admis.Disc.R. 23 § 18, and to meet the requirements set out in Admis.Disc.R. § 4.

Unfortunately, we are seeing a limited number of lawyers who do not timely respond to Commission requests for information. The Commission's requests for information cannot be ignored and to do so is an independent violation of Ind. Professional Conduct Rule 8.1(b). As with the respondent in this case, lawyers who choose to disregard Commission requests will do so at their peril. In the future, we will have far less tolerance for lawyers who fail to cooperate timely with the Commission and, as here, will not hesitate to take significant action.

Based upon the information before us, we find that the respondent is in contempt of this Court. We therefore order that the respondent, Danny Ray Hill, is suspended indefinitely. In order to be reinstated, the respondent must file a petition pursuant to Admis.Disc.R. 23 § 18 and satisfy the requirements of Admis.Disc.R. 23 § 4. The Clerk of this Court is directed to forward notice of this order to the respondent by certified mail, return receipt requested, at his address as reflected in the Roll of Attorneys, to the Disciplinary Commission, and to all other entities pursuant to Admis.Disc.R. 23, Section 3(d), governing suspension.

Costs of these proceedings are assessed against the respondent.