**In the Matter of Danny Ray HILL, Respondent.**

**No. 71S00–0509–DI–416.**

Supreme Court of Indiana.

March 30, 2012.

## PUBLISHED ORDER FINDING RE-SPONDENT IN CONTEMPT OF COURT AND IMPOSING FINE

On January 10, 2006, Respondent was found in contempt and suspended indefinitely for noncooperation with the Indiana Supreme Court Disciplinary Commission in multiple investigations. *See Matter of Hill,* 840 N.E.2d 316 (Ind.2006). After he was suspended in Indiana, his Illinois law license was also suspended.

The Commission filed a "Verified Petition for Rule to Show Cause" on January 6, 2012, alleging that in September 2008, Respondent sent a letter to a couple in Illinois on letterhead with a South Bend address identifying himself as "Attorney." In this letter, Respondent indicated that he had reviewed living trust and related documents prepared for the couple, and he advised the couple on the legality and effectiveness of these documents.

The Court entered a show cause order on January 13, 2012, ordering Respondent to show cause in writing why he should not be held in contempt for disobedience to the Court's order suspending him from the practice of law in this state. Respondent filed a response on January 27, 2012, in which he admits sending the letter at issue and states: (1) he believed in good faith that he was still licensed to practice law in Illinois he wrote and sent the letter; and (2) he was not attempting or purporting to practice law in Indiana.

This Court has not attempted to provide a comprehensive definition of what constitutes the practice of law, *see Miller v. Vance,* 463 N.E.2d 250, 251 (Ind.1984), but it is clear the core element of practicing law is the giving of legal advice to a client, *see State ex rel. Indiana State Bar Ass'n v. Northouse,* 848 N.E.2d 668, 672 (Ind. 2006); *State ex rel. Disciplinary Comm'n v. Owen,* 486 N.E.2d 1012, 1013 (Ind.1986). Respondent admits the Commission's allegation that his letter advised the couple on the legality and effectiveness of the documents he had reviewed. This constitutes the practice of law by giving legal advice.

Even though the recipients of Respondent's letter were in Illinois, Respondent's actions were in Indiana. He sent the letter from Indiana on letterhead with an Indiana address identifying himself as an attorney. We conclude that Respondent was practicing law in Indiana in violation of this Court's suspension order.

This Court has inherent and statutory authority to punish contempt of court by fine and imprisonment. *See Matter of Mittower,* 693 N.E.2d 555, 559 (Ind.1998). In determining an appropriate punishment, the Court considers, among other factors, any continuing risk to the public or profession. *See id.* The evidence before us establishes no more that a single act of misconduct in 2008. Under the circumstances, the Court concludes that a fine of $250.00 is sufficient discipline for Respondent's contempt of court by practicing law in Indiana while suspended. The Court will, however, take this incident into con-

sideration in any future disciplinary or reinstatement actions concerning Respondent.

The Court therefore ORDERS that Respondent **be fined the sum of $250.00.** Respondent shall remit this amount within 60 days of the date of this order to the Clerk of the Indiana Supreme Court, Court of Appeals and Tax Court.

The Clerk is directed to forward a copy of this Order to the parties or their respective attorneys. The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.