**In the Matter of Jacob A. ATANGA, Respondent.**

**Nos. 49S00–1111–DI–664, 49S00–1201–DI–23, 49S00–1202–DI–90.**

Supreme Court of Indiana.

June 5, 2012.

*PUBLISHED ORDER CONVERTING SUSPENSION FOR NONCOOPERATION WITH THE DISCIPLINARY PROCESS TO INDEFINITE SUSPENSION AND DISMISSING OTHER SHOW CAUSE PROCEEDINGS AS MOOT*

In Cause No. 49S00–1111–DI–664 ("Case 664"), this Court issued an order on November 22, 2011, directing Respondent to show cause why he should not be suspended for failure to cooperate with the Commission. The Commission filed a "Request for Ruling and to Tax Costs" on January 6, 2012, asserting Respondent still had not cooperated. On February 15, 2012, the Court entered an order of suspension for noncooperation and taxing costs, stating that "this suspension shall continue **until further order of this Court,** provided there are no other suspensions then in effect." (Emphasis in original.)

In Cause No. 49S00–1201–DI–23 ("Case 23"), this Court issued an order on January 20, 2012, directing Respondent to show cause why he should not be suspended for failure to cooperate with the Commission with a different investigation. The Commission filed a "Request for Ruling and to Tax Costs" on February 7, 2012, asserting Respondent still had not cooperated.

In Cause No. 49S00–1202–DI–90 ("Case 90"), the Court entered a show cause order on February 22, 2012, directing Respondent to show cause why he should not be suspended for failure to cooperate with the Commission with yet another investigation.

The Commission filed a "Certification of Compliance and Objection to Reinstating Respondent to the Practice of Law" in each case, certifying that Respondent has now cooperated with the Commission's investigation of the charges at issue but objecting to lifting the suspension based on Respondent's disciplinary history, including noncooperation with the Commission and failure to obey the Court's show cause orders. Respondent has filed answers to the Commission's objections to reinstatement, requesting that his noncooperation suspension be lifted.

Respondent's disciplinary history since July 2010 is summarized below:

49S00–1007–DI–367: Show cause petition filed 7/13/10. Dismissed with costs after compliance 8/5/10.

49S00–1012–DI–679: Show cause petition filed 12/20/10. Dismissed with costs after compliance 2/17/11.

49S00–1105–DI–290: Show cause petition filed 5/18/11. Suspended for noncooperation 8/19/11. Reinstated on certificate of compliance 9/27/11.

49S00–1106–DI–343: Show cause petition filed 6/15/11. Suspended for noncooperation 8/19/11. Reinstated on certificate of compliance 10/12/11.

49S00–1111–DI–664: Show cause petition filed 11/15/11. Suspended for noncooperation 2/15/12.

49S00–1201–DI–23: Show cause petition filed 1/17/12. Show cause order entered 1/20/12.

49S00–1202–DI–90: Show cause petition filed 2/14/12. Show cause order entered 2/22/12.

"It shall be the duty of every attorney against whom a grievance is filed ... to cooperate with the Commission's investigation...." Admis. Disc. R. 23(10)(e). The Commission has been forced to seek this Court's assistance seven times in less than two years to obtain Respondent's cooperation with its investigations. The Court has rarely encountered a disciplinary history that displays such disregard for the disciplinary process as Respondent's.

Respondent asks the Court to reinstate him based on his belated cooperation with the Commission in Cases 664, 23, and 90. The Commission requests that Respondent's non-cooperation suspension in Case 664 be converted to an indefinite suspension and that Respondent be required to go through the reinstatement procedure set forth by Admission and Discipline Rule 23(4) and (18).

To assist in resolution of this matter, the Court entered an order on April 10, 2012, instructing the parties to file a joint status report on the procedural status of each underlying grievance at issue in all the show cause proceedings against Respondent since July 13, 2010. The deadline for filing was May 11, 2012. The order stated "If the parties are unable to agree on a joint status report, each party shall submit a separate status report on or before this date."

The Commission filed a status report on May 10, 2012, detailing the status of eleven grievances underlying the seven show cause proceedings at issue. An accompanying letter to this Court's Administration Office states that Respondent did not respond to the Commission's attempts to secure his participation in preparing the report. Respondent has not filed a separate status report, nor has he acknowledged in any way the Court's order for a status report.

Under these unique and egregious circumstances, the Court concludes that Respondent's noncooperation suspension in Case 664 should be converted to an indefinite suspension from the practice of law pursuant to Admission and Discipline Rule 23(10)(f)(4).

IT IS THEREFORE ORDERED that Respondent's current suspension from the practice of law in **Cause No. 49S00–1111–DI–664** for failure to cooperate with the disciplinary process is converted to an indefinite suspension, effective immediately. Respondent is ordered to fulfill the continuing duties of a suspended attorney under Admission and Discipline Rule 23(26). To be readmitted to the practice of law in this State, Respondent must cure the causes of all suspensions in effect and successfully petition this Court for reinstatement pursuant to Admission and Discipline Rule 23(4) and (18).

The Court DISMISSES **Cause No. 49S00–1201–DI–23** and **Cause No. 49S00–1202–DI–90** as moot in light of Respondent's indefinite suspension entered in Case 664.

If Respondent seeks reinstatement to the practice of law, the issues raised in all three cases will be addressed in the reinstatement process. The order requiring Respondent to pay costs in Case 664 shall remain in effect. Any claim by the Commission for costs in Cases 23 and 90 will be addressed in the reinstatement process.

The Clerk of this Court is directed to forward notice of this order to Respondent by certified mail, return receipt requested, at the address reflected in the Roll of Attorneys; to the Disciplinary Commission; and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.