## In the Matter of Shane E. BEAL, Respondent.

Nos. 27S00–1302–DI–114, 27S00–1302–DI–116, 27S00–1303–DI–195, 27S00–1303–DI–196, 27S00–1303–DI–197, 27S00–1303–DI–204, 27S00–1303–DI–217, 27S00–1304–DI–246.

Supreme Court of Indiana.

May 30, 2013.

*PUBLISHED ORDER IMPOSING INDEFINITE SUSPENSION FROM PRACTICE FOR NONCOOPERATION AND TAXING COSTS*

In each of the above cases, this Court issued an Order To Show Cause, pursuant to Admission and Discipline Rule 23(10)(f), directing Respondent to show cause within 10 days of service of the order why Respondent should not be immediately suspended from the practice of law due to failure to cooperate with the Disciplinary Commission's investigation of pending allegations of misconduct against Respondent. In each case, Respondent was served with the Order to Show Cause by certified mail at his office address.

The Commission has filed a "Request for Ruling and to Tax Costs" in each case (except 217 and 246[1]), asserting that Respondent still had not cooperated and requesting that Respondent be suspended immediately for noncooperation. Then, on April 26, 2013, the Commission filed a petition for the suspension of the respondent's license to practice law in each of these cases (except 246), requesting that Respondent be suspended indefinitely. According to the Commission's petitions: Respondent has still not responded to the show cause orders in 116, 196 and 204. Respondent has responded adequately to the Commission regarding the show cause orders in 195, 197, and 217. Respondent responded falsely to the show cause order in 114, stating that he had already provided the Commission with a copy of a client's file when he had not.

Respondent's disciplinary history is summarized below:

27S00–1008–DI–425: Show cause petition filed 8/17/10. Dismissed with costs 9/21/10.

27S00–1012–DI–667: Show cause petition filed 12/14/10. Dismissed with costs 1/10/11.

27S00–1110–DI–639: Show cause petition filed 10/26/11. Dismissed with costs 11/22/11.

27S00–1111–DI–656: Show cause petition filed 11/9/11. Dismissed with costs 12/9/11.

27S00–1204–DI–221: Show cause petition filed 4/17/12. Suspended for noncooperation 8/7/12. Reinstated on certificate of compliance 8/23/12.

27S00–1211–DI–653: Show cause petition filed 11/29/12. Dismissed with costs 1/28/13.

27S00–1211–DI–654: Show cause petition filed 11/29/12. Dismissed with costs 2/13/13.

27S00–1301–DI–2: Show cause petition filed 1/2/13. Dismissed with costs 1/28/13.

27S00–1301–DI–4: Show cause petition filed 1/2/13. Dismissed with costs 1/28/13.

27S00–1302–DI–114: Show cause petition filed 2/12/13. Still pending.

27S00–1302–DI–116: Show cause petition filed 2/12/13. Still pending.

27S00–1303–DI–195: Show cause petition filed 3/15/13. Still pending.

1. Cases are identified by the final part of their cause numbers.

27S00–1303–DI–196: Show cause petition filed 3/15/13. Still pending.

27S00–1303–DI–197: Show cause petition filed 3/15/13. Still pending.

27S00–1303–DI–204: Show cause petition filed 3/19/13. Still pending.

27S00–1303–DI–217: Show cause petition filed 3/28/13. Still pending.

27S00–1304–DI–246: Show cause petition filed 4/17/13. Still pending.

"It shall be the duty of every attorney against whom a grievance is filed ... to cooperate with the Commission's investigation...." Admis. Disc. R. 23(10)(e). Failure to respond to the Commission's requests for information is a violation of Professional Conduct Rule 8.1(b). The Commission has been forced to seek this Court's assistance seventeen times since August 2010 to seek Respondent's cooperation with its investigations. In its petition for indefinite suspension, the Commission asserts that he has yet to respond adequately to four outstanding show cause orders. He has filed nothing addressed to the Court in any of the pending show cause proceedings, not even to contest the Commission's requests for an indefinite suspension. In prior cases in which a respondent has displayed such disregard for the disciplinary process, this Court has entered orders of indefinite suspension. *See Matter of Hill,* 840 N.E.2d 316 (Ind. 2006); *Matter of Atanga,* 969 N.E.2d 20 (Ind.2012).

Under these egregious circumstances, the Court concludes that the Commission's requests for an indefinite suspension from the practice of law should be granted.

In addition, pursuant to Admission and Discipline Rule 23(10)(f)(5), the Court grant's the Commission's requests that Respondent be ordered to reimburse the Commission the costs of prosecuting the following proceedings in the following amounts:

27S00–1302–DI–114: $512.22

27S00–1302–DI–116: $512.22

27S00–1303–DI–195: $512.22

27S00–1303–DI–196: $512.22

27S00–1303–DI–197: $512.22

27S00–1303–DI–204: $512.22

Being duly advised, the Court ORDERS that **Respondent be suspended from the practice of law indefinitely for noncooperation with the Commission, effective immediately.** Respondent is ordered to fulfill the duties of a suspended attorney under Admission and Discipline Rule 23(26).

Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs assessed above, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4) and (18). If Respondent seeks reinstatement to the practice of law, the issues raised in all pending noncooperation proceedings may be addressed in the reinstatement process. Reinstatement is discretionary and requires clear and convincing evidence of the attorney's remorse, rehabilitation, and fitness to practice law. *See* Admis. Disc. R. 23(4)(b).

The Clerk of this Court is directed to forward notice of this order to Respondent by certified mail, return receipt requested, at the address reflected in the Roll of Attorneys; to the Disciplinary Commission; and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to

publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.